TRANSIT COMMISSION, Being the METROPOLITAN DIVISION OF THE DEPARTMENT OF PUBLIC SERVICE, Petitioner-Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant; THE CITY OF NEW YORK, Intervenor-Respondent.— Order granting petitioner's motion for a temporary injunction affirmed, with ten dollars costs and disbursements. The stay is vacated. The power resides in the Legislature primarily to fix rates to be charged by railroad corporations for the carriage of passengers or freight when such railroads operate wholly within the State, except when, in the exercise of the power delegated to it, the Interstate Commerce Commission fixes such rates. (*Lehigh Valley R. Co.* v. *Public Service Commission,* 272 Fed. 758; affd. *sub nom. New York* v. *United States,* 257 U. S. 591; *Wisconsin R. R. Comm.* v. *C., B. & Q. R. R. Co.*, id. 563.) The provisions of section 57-a of the Railroad Law do not fix a definite rate regulating the charge to be made by a railroad corporation having a franchise from this State; but that section provides that if the railroad is owned, controlled or operated by a railroad having a franchise from another State, it shall not charge, under certain conditions, a rate in excess of the rates charged for similar service in an adjacent State. This makes for uniformity of rates in a certain locality for similar service, and operates to prevent one railroad company, acting through a subsidiary or controlled corporation, from charging different rates for similar service. The rates thus fixed have a reasonable stability. The rates to be charged by interstate railroads, and under certain circumstances by intrastate railroads, are and long have been fixed by the Interstate Commerce Commission acting on facts found by it — all of which was known to the Legislature when the statute was enacted, and to the courts. The rates thus fixed are, therefore, regulated by a competent tribunal. There is no delegation of legislative authority, for the rate prescribed is one not dependent upon schedules filed by another railroad corporation as in *Washington, P. & C. Ry. Co.* v. *Magruder* (198 Fed. 218); but upon the rates fixed by a commission to which authority has been legally delegated, and to which defendant has heretofore resorted for relief. (*Transit Commission* v. *U. S.*, 284 U. S. 360.) The rates thus fixed may not be changed except by legal authority. Under the authority exercised by the Interstate Commerce Commission the defendant has enjoyed for sixteen years a rate in excess of that fixed by the laws of this State. Now the power to fix rates as to this defendant has again become vested in the State and the existing laws are effective. The method adopted of fixing the rates was not, on its face, illegal or invalid. (*People* v. *Fire Association of Philadelphia*, 92 N. Y. 311; affd., 119 U. S. 110.) The statute on its face is not invalid because it constitutes an arbitrary and unreasonable classification and is discriminatory; nor does it otherwise deny to defendant the equal protection of the laws. Its constitutionality will be presumed until such time as on a trial it shall be declared invalid as confiscatory, or proof shall be made that the rates fixed are in fact arbitrary and unreasonable. In the meantime, in view of the benefits long enjoyed by the defendant in respect to rates as fixed by the Interstate Commerce Commission, greater than those fixed by statute in this State, the granting of the temporary injunction was a proper exercise of discretion. Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result. [See *post*, p. 766.]