PERSONAL FINANCE COMPANY OF NEW YORK, Plaintiff, *v.* GEORGE G. GROSS, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, February 6, 1939.

*Arthur Rosenzweig,* for the plaintiff.

*Maurice Milliment,* for the defendant.

WATSON, J.   On November 11, 1932, plaintiff, a licensed lender under article IX of the Banking Law, loaned to defendant the sum of $300 upon the promissory note of defendant and his wife, secured by a chattel mortgage and assignment of wages.   Defendant agreed to repay the loan in twenty monthly installments of fifteen dollars each, with interest, computed, as permitted by section 352 of the

Banking Law, at the rate of three per centum per month on any part of the unpaid principal of the loan not in excess of $150 and two and one-half per centum per month on any remainder of the unpaid principal balance of the loan.

Defendant made payments on account of principal and interest until, on October 14, 1933, the balance of principal remaining unpaid was $135. Thereafter, various payments were made on account of interest only, but on August 21, 1935, there still remained unpaid the principal balance of $135, with accrued interest of $59.79, making in all $194.79. The interest payments which had been made since October 14, 1933, amounted to $30.93. Plaintiff then, on August 21, 1935, wrote to defendant a letter referring to a discussion which had taken place on August twelfth, and stating that arrangements had been made to rewrite the loan over a period of twenty months for the principal balance of $135. The letter continues: " The amount of $30.03 (*sic*), paid by you since October 14, 1933, is as previously agreed, to cover the additional expense to which we were put in handling your account during the past two years. You are to pay six per cent per year on the $135 principal balance for the two years during which you were unable to make payments according to the original contract. This amount is $16.20." Accordingly, on September 3, 1935, a written agreement was executed by the parties, refinancing the balance of $135 over a period of twenty monthly payments, and providing, " Interest will be chargeable at the legal rate of interest." It also provided for the payment of interest at six per cent on the principal balance of $135 for two years, $16.20, on which was credited $10, paid June 25, 1935, already included as part of the $30.03 above mentioned, and leaving a balance of such interest of $6.20 which defendant simultaneously paid.

On October 7, 1935, defendant paid to plaintiff $11.34 which, on defendant's pass book was apportioned $4.59 to interest (computed at the rate of three per cent per month), and $6.75 to principal. This is the last payment entered on the pass book. Other payments have since been made to and applied by plaintiff, so that it claims a balance unpaid on October 2, 1937, of $68.16, which, with interest thereon, it here claims.

As above stated, the payment which defendant made on October 7, 1935, was applied in part to the payment of interest, at the rate of three per cent per month. Defendant asserts that plaintiff thereby exceeded the legal rate, because it had already retained interest at six per cent in advance for two years. That would mean that on an extension payable in twenty monthly installments, plaintiff charged interest in advance for two years. The fact is

otherwise. Plaintiff's letter specifically stated that this interest charge was made "for the two years during which you were unable to make payments according to the original contract."

Defendant further contends that in providing that the sum of $30.93 (incorrectly stated to be $30.03) paid between October 14, 1933, and the date of the letter, was "to cover the additional expense to which we were put in handling your account during the past two years," the plaintiff violated the restriction of section 352 of the Banking Law against excess charges. The fact is, however, that the total of this sum of $30.93 and the additional payment of $6.20 received by plaintiff was less than the amount of interest which had accrued on the loan during that two-year period. Section 352 prohibits any further charge "in addition to the maximum rate or amount of interest," and as the maximum was not exceeded there was no violation in this respect. The description of this item of $30.03 as covering the additional expense of handling the account was, therefore, not a device to evade the law, and is immaterial. (*Unity Plan Finance Co.* v. *Green*, 179 La. 1070; 155 So. 900.)

Defendant also argues that in applying part of the payment made October 7, 1935, to interest at three per cent per month, plaintiff violated the provision of the settlement agreement that "interest will be chargeable at the legal rate of interest," which defendant maintains is six per cent per annum. Plaintiff, on the other hand, urges that the legal rate is that fixed by section 352 of the Banking Law and I so hold. Moreover, evidence was given from which I find it was so understood by the parties, and this is borne out by the fact that apportionment was so made on defendant's pass book, without, so far as it appears, any protest or objection on his part.

On June 12, 1936, and on three subsequent occasions, defendant made payments for which plaintiff's representatives gave defendant receipts which failed to meet the requirements of section 353 of the Banking Law. That section requires the licensed lender to "give to the borrower a plain and complete receipt for all payments made on account of any such loan at the time such payments are made, specifying the amount applied to interest and the amount, if any, applied to principal, and stating the unpaid principal balance, if any, of such loan."

Of the four receipts in question, the first is for a payment specified to be on principal, but not stating the unpaid balance. The others are simply receipts for stated sums, to be applied, respectively, "to his account," "on note" and "to account," without further specification. These receipts were doubtless intended to be pro-

visional only, and the delivery of proper receipts with reasonable promptness thereafter would, in my opinion, have been a sufficient compliance with the law. But no other receipts were ever delivered, nor were appropriate entries ever made on defendant's pass book, which would have been the equivalent of such receipts for these payments. Therefore, I find that in this respect the plaintiff violated the provisions of section 353. Plaintiff urges that this ground of defense was not specified in defendant's bill of particulars. While not indicating these particular facts, defendant has, in his bill, specified the violation of section 353; and in any event such objection would be entertained even though first raised on appeal. (*Equity Service Corp.* v. *Agull*, 250 App. Div. 96, 99.)

Section 358 of the Banking Law declares a violation of any of the provisions of section 353 to be a misdemeanor, and further provides: " Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest or charges whatsoever." I, therefore, hold that because of the violation above pointed out, plaintiff is not entitled to recover. With this defendant is not content: he seeks, by way of counterclaim, to recover all the moneys he has paid to plaintiff. The statute does not so provide, and by analogy to the usury law (General Business Law, art. 25) the counterclaim cannot be allowed. Section 373 of the General Business Law likewise provides that a usurious contract shall be void; yet under section 372 of the General Business Law the borrower may recover only the excess, and before the statutory regulation to the contrary, he could not recover even that unless he repaid the money actually loaned (*Matter of Fishel*, 198 Fed. 464); and it has been further held that the law does not permit a borrower to recover voluntary payments made upon a usurious loan, when the payments are not greater than permitted by law. (*McKenna* v. *Meyer*, 250 App. Div. 783; and see *Seymour* v. *Marvin*, 11 Barb. 80; *Ackley* v. *Finch*, 7 Cow. 290.)

Defendant seeks, by his counterclaim, also to recover damages for abuse of process. The proof is wholly insufficient to sustain this portion of the counterclaim.

I, therefore, direct the entry of judgment for defendant on plaintiff's complaint and dismiss the counterclaim.