## FAMILY FINANCE CORPORATION
*vs.*
## CHARLES LEIBOWITZ, ET UX.

Court of Common Pleas    Fairfield County    File No. 39353

MEMORANDUM FILED JULY 26, 1939.

*Julius W. Frankel,* of Bridgeport, for the Plaintiff.

*David R. Lessler,* of Bridgeport, for the Defendants.

SWAIN, J.   In this action the plaintiff (a corporation duly licensed to make small loans under the provisions of chapter 399 of the Laws of 1932 of the State of New York [Banking Law, art. 9]) is seeking to recover the balance due on a joint note of the defendants, husband and wife, dated May 25, 1935, in the amount of $200, the note having been given and money received in Bronx, New York.

The note (plaintiff's Exhibit A) and the statement of the loan (plaintiff's Exhibit C) both state that the actual amount received by the defendants was the sum of $200.

The evidence disclosed that the consideration for the note was the sum of $130 due on the principal balance of an old note and $70 cash, the old note being cancelled when the present note was made.

It seems to the court that the note states in clear terms the amount received by the borrowers, and in this respect the note complies with the provisions of the statute.

The defendants in this case were both borrowers. By the provisions of section 353 of the Banking Law of the State of New York, enacted by chapter 399 of the Session Laws of 1932, the plaintiff was required to give to each borrower a statement of the loan.

It seems obvious that the fact that the defendants were husband and wife would not relieve the plaintiff of the obligation of giving each a loan statement.

The fact that the loan statement was made out in both names and given to Mr. Leibowitz, the husband, and none to his wife, is a violation of said section 353.

At the time the defendants gave the plaintiff said note they also signed and delivered a chattel mortgage on their household furniture as security for said note.

The default clause of said note reads as follows: A default in the payment of any installment of the principal or interest hereof, or any part of either shall, at the option of the holder hereof, and without notice or demand, render the entire unpaid balance of the principal thereof and accrued interest thereon at once due and payable.

Section 353 requires that a loan statement must be delivered to the borrower, and among other things requires that the statement must clearly show the date of its maturity.

The default clause in the loan statement given to the defendants reads as follows: Upon default in any of the payments due on the note evidencing this loan, the holder of such note shall have the right to declare the balance then owing thereon at once due and payable.

The statement of loan (plaintiff's Exhibit C) also states:

"The note evidencing this loan is secured by a chattel mortgage."

The default clause of said chattel mortgage contains, in addition to other conditions, the conditions following, which were not stated in the loan statement: "Or if the mortgagee shall deem itself or said debt insecure....then and from thenceforth it shall be lawful, and the mortgagee, its agents, successors and assigns are hereby authorized to sell, with or without notice, all or any part of the said property for cash, at private sale or public auction for the best price that it can reasonably obtain. The mortgagee may buy at such sale and the said property may be so sold in bulk or in parcels or so much thereof as shall be necessary to satisfy said debt and interest charges, plus lawful expenses of sale, if any, and the mortgagee, its successors and assigns may retain all the said amounts out of the proceeds of said sale and shall return the overplus, if any, to the mortgagors...."

Under the terms of the chattel mortgage, the plaintiff had the right at any time to accelerate the payment of the note if it deemed itself or said debt insecure, by selling said security to satisfy said debt.

There may be some question as to whether the plaintiff could sell without foreclosure under a chattel mortgage. But the plaintiff at least had the right under the chattel mortgage to make demand and then foreclose, which would have the same result, namely, in the payment of the note to the amount received from the foreclosure and would affect the date of maturity in a manner not stated in the loan statement given by the plaintiff.

This failure to state these conditions in the statement of loan is a clear violation of section 353 of the Banking Law.

Under section 358 of said Banking Law, a violation of any of the provisions of section 353 of that law renders the contract of loan void and the lender has no right to collect or receive any principal or interest or charges whatsoever. *Personal Finance Co. of New York vs. Gross,* 170 Misc. 166, 9 N.Y.S. (2d) 801, 805.

Our Supreme Court has said that "it is obvious that the reason for the requirement of the statement is to inform the borrower and, through him, his co-makers of the time or times when he and they may be called upon to pay the note in whole

or in part, and this includes information not only of the time of its maturity in regular course but also of the occurrences which would make it payable at an earlier date." *Atta vs. Bergin,* 120 Conn., 152, 155.

In the chattel mortgage (defendant's Exhibit 1), the defendants gave the plaintiff authority to sell the security without notice to them. This is a violation of said section 353, and comes under the provisions of said section 358.

For these violations the court is of the opinion that the plaintiff cannot recover in this action.

Judgment is ordered for the defendants to recover their costs.