CARMELO DI NOME, Respondent, *v.* PERSONAL FINANCE COMPANY OF NEW YORK, Appellant.

Argued October 4, 1943; decided November 24, 1943.

*George R. Fearon, Jackson R. Collins, Richard O. Wiesner* and *M. Harold Dwyer* for appellant. The complaint does not state facts sufficient to constitute a cause of action. No forfeiture of the loan results under section 358 of the Banking Law from a violation of the first paragraph of section 353 thereof. (*Doe* v. *Stevens*, 3 B. & Ad. 299; *Randle* v. *Birmingham Ry., L. & P. Co.*, 169 Ala. 314; *Bradbury* v. *Furlong*, 13 R. I. 15; *Edmonds* v. *Shirley*, 116 So. 303; *Household Finance Corp.* v. *Goldring*, 263 App. Div. 524, 289 N. Y. 574; *Hennessey* v. *Personal Finance Co.*, 176 Misc. 201; *People* v. *Le Winter's Radio Stores, Inc.*, 256 App. Div. 1098; *People* v. *Ryan*, 274 N. Y. 149.) The statement of loan complies with section 353 of the Banking Law. (*National Bank of Auburn* v. *Lewis*, 75 N. Y. 516; *Hennessey* v. *Personal Finance Co.*, 176 Misc. 201; *Miller* v. *Town of Irondequoit*, 243 App. Div. 240; *Berger* v. *City of New York*, 260 App. Div. 402, 285 N. Y. 723; *Household Finance Corp.* v. *Goldring*, 263 App. Div. 524, 289 N. Y. 574; *Domestic Finance Corp.* v. *Williams*, 174 Misc. 227; *Cotton* v. *Commonwealth Loan Co.*, 206 Ind. 626; *May Co.* v. *Anderson*, 156 Tenn. 216.)

*Irwin Slater* for respondent.

LOUGHRAN, J. This defendant is a " licensed lender " under article 9 of the Banking Law — the " Small Loans Act." Section 353 thereof provides: " Every licensee shall: Deliver to the borrower at the time any loan is made a statement * * * in the English language showing in clear and distinct terms the amount and date of the loan and of its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee, and the agreed rate of charge * * *."

Plaintiff borrowed from the defendant $190 on a promissory note secured by a chattel mortgage. The debt was to be paid in installments and the mortgage contained the following stipulations: " But if default shall be made in the payment of said

debt, interest charges, or payments, or any of them, according to the terms of said note, or if Mortgagee shall deem itself or said debt insecure, or if Mortgagor shall offer for sale, sell, assign, or dispose of any of said personal property, or if Mortgagor violate any of the covenants or conditions herein contained, then and from thenceforth the entire amount, at the option of the Mortgagee, shall become due and payable at once, and the Mortgagee, its agents, successors and assigns, are hereby authorized in such event to sell all or any part of said personal property with or without notice for cash at private sale or public auction for the best price it can reasonably obtain.''

These terms of the mortgage were left wholly unmentioned in a statement which the defendant delivered to the plaintiff in attempted compliance with the foregoing directions of section 353. Plaintiff's contention is that this omission — though everything else stood in order — was an illegal departure from the statutory command that the statement of the loan should clearly and distinctly show the date of maturity. There is authority for that view. In *Atta* v. *Bergin* (120 Conn. 152) the court said in respect of a like statute that '' the reason for the requirement of the statement is to inform the borrower and, through him, his co-makers of the time or times when he and they may be called upon to pay the note in whole or in part, and this includes information not only of the time of its maturity in regular course but also of the occurrences which would make it payable at an earlier date.'' (p. 155.) We hold a quite different opinion.

Obviously no advance statement of a '' *date* '' of maturity of a loan could be made with reference to the operation of contingent privileges conferred on the lender by acceleration clauses in a mortgage. Consequently we are not persuaded that plaintiff's amplification of the phrase '' date of its maturity '' is one the words will bear.

On that construction, moreover, it would be necessary to print upon the statement of the loan a great part of the text of a mortgage whenever (as in this instance) the lender stipulates for the right to be paid in full or to foreclose in the event of breach by the mortgagor of any covenant or condition of the instrument. So unwieldy a recital, it seems to us, would inevi-

tably tend to defeat the straight mandate of section 353 for a clear and distinct statement of the primary items of a small loan transaction.

Then, too, a failure to obey section 353 not only deprives the lender of all right to collect or receive any principal, interest or charges whatsoever, but makes the lender guilty of a mis-demeanor as well. (§ 358.) A provision which imposes such a forfeiture should be strictly construed and should not be held to include any alleged violation which is not clearly within the plain intention of the statute. (*National Bank of Auburn* v. *Lewis,* 75 N. Y. 516, 521.) Furthermore, when conduct is thus to be visited with loss or impairment of liberty or property, clear and exact definition of the offense is called for. (*People* v. *Wallace & Co.,* 282 N. Y. 417.) We believe we would do violence to these principles were we to go along with the plaintiff in his reading of section 353 against this defendant.

A motion by the defendant for dismissal of the complaint was denied below. The case is here on the following question certified: " Does the complaint herein state facts sufficient to constitute a cause of action? " The sole wrong alleged is the silence of the loan statement respecting the acceleration clauses of the mortgage.

The orders should be reversed and the complaint dismissed, with costs in all courts. The question certified should be answered in the negative.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.