In the Matter of FRANK MOSNER, Petitioner, against AMBROSE J. HADDOCK, a City Magistrate of the City of New York, as and Constituting the Municipal Term, Borough of Manhattan, Respondent.

Supreme Court, Special Term, New York County, January 12, 1944.

*James J. Crisona* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Murray Rudman* of counsel), for respondent.

MCLAUGHLIN, J.  This is a motion made to obtain an order prohibiting the respondent, a City Magistrate of the City of New York sitting in the Municipal Term in Manhattan, from hearing and disposing of charges filed against the petitioner for selling pork products at prices in excess of the ceiling

prices fixed and determined by the United States Office of Price Administration. It appears that that court was designated by order of the Chief City Magistrate as the tribunal in which the City Magistrates would try such offenses.

The petitioner challenges the jurisdiction of the Municipal Term, asserting it is not a magistrate's court but a court of special sessions having jurisdiction of misdemeanors, and not violations of regulations and orders. He cites section 141 *et seq.* of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) and several cases which hold that in trying misdemeanors a City Magistrate, whether in the Municipal Term or elsewhere, sits as a court of special sessions. (*People ex rel. Dembinsky* v. *Fox,* 182 App. Div. 642; *People* v. *Citarelli,* 247 App. Div. 53.) If this were the only statute to be considered, there might be some weight to the petitioner's claim. However, the right of a Magistrate sitting in the Municipal Term is not controlled exclusively by this section. It is not all-inclusive, for we must give force and effect to section 100 of the New York City Criminal Courts Act. By it the Chief Magistrate is clothed with power to extend the jurisdiction of the Municipal Term by adding such offenses as those with which the petitioner is charged. In this case the Chief Magistrate did make such an order. The Municipal Term had jurisdiction and the Magistrate sat as a Magistrate and had the jurisdiction and legal power to hear and decide the charges made.

Nor is there merit to the contention that the order of the Chief Magistrate could not confer jurisdiction to try offenses because the order was prior in time to the amendment of the regulation. There was a statute known as the New York State War Emergency Act (L. 1942, ch. 544, as amd.) which created a War Council and gave it power to declare that all Office of Price Administration Federal regulations, for the purposes of enforcement, have the force and effect of State regulations. By section 101-a (added by L. 1943, ch. 171) the jurisdiction to try and dispose of such violations was conferred upon the City Magistrates' Courts. The Chief City Magistrate, by virtue of his power to enlarge the jurisdiction of the Municipal Term, has designated that court for the Magistrate sitting to hear these offenses as a Magistrate, and that includes both past and future infractions, for there is no limitation of time as to these offenses either in the statute or in the order of the Chief Magistrate.

There seems to be no force to the argument that the ruling in *Darweger* v. *Staats* (267 N. Y. 290) makes the New York State

War Emergency Act unconstitutional. What was held there is that there could be no delegation to the Federal Government and its agencies of the power of the State to regulate intrastate transactions. Here we have a war statute which seeks to enforce laws and regulations that the citizen must obey and comply with. All that is done is to conform State regulation to Federal regulation. This does not invalidate the statute. (*Transit Commission* v. *Long Island R. R. Co.*, 248 App. Div. 749, affd. 272 N. Y. 27.) It follows that the Act is constitutional and the Magistrate sitting in the Municipal Term is properly hearing these infractions and has jurisdiction to do so. Any other conclusion would be to give no force or life to statutes, regulations and statutory orders which are necessary for the logical and legitimate exercise of jurisdiction by courts of this State in the proper administration of justice in the case of those who violate Office of Price Administration regulations during the existence of the war.

Motion is in all respects denied.