BUTTER & EGG MERCHANTS ASSOCIATION, INC., et al., Plaintiffs, *v.* FIORELLO H. LA GUARDIA, as Mayor of the City of New York, et al., Defendants.

Supreme Court, Special Term, Bronx County, April 19, 1944.

Sidney Schwartz for plaintiffs.

Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein and Aaron B. Coleman of counsel), for defendants.

HOFSTADTER, J. This is an application for an injunction pendente lite to restrain the enforcement of a regulation issued by the Price Administrator pursuant to the United States Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 et seq.). This court is without jurisdiction to entertain this application in view of the express provision of the Act in subdivision (d) of section 204 [U. S. Code, tit. 50, Appendix, § 924, subd. (d)], providing an exclusive method for testing the validity of the Price Administrator's regulations through the Emergency Court of Appeals, created by the Act. That provision has been upheld by the Supreme Court of the United States in Yakus v. United States (321 U. S. 414).

The plaintiffs' further contentions that the New York State War Emergency Act (L. 1942, ch. 544, as amd.) and the creation of the New York State War Council are unconstitutional and violative of provisions of the State and Federal Constitutions, are without merit.

A court at nisi prius will not declare an act of the State Legislature unconstitutional except in a clear and necessary case. Nothing is adduced in the papers before me which raises any serious constitutional question with respect to these Acts. There is neither a delegation of State power to Federal agencies, proscribed in Darweger v. Staats (267 N. Y. 290), nor any violation of section 16 of article III of the State Constitution (Transit Commission v. Long Island R. R. Co., 272 N. Y. 27; Matter of Mosner v. Haddock, 181 Misc. 486). The language of the Court of Appeals in People ex rel. N. Y. Elec. Lines Co. v. Squire (107 N. Y. 593, 602) makes it abundantly clear that the State legislation in question merely

provides more convenient methods for the enforcement of valid and existing Federal laws. As such, they are not in conflict with any provisions of the Federal or State Constitutions.

The motion is, therefore, denied.