THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEON MAILMAN, Doing Business as STATEN ISLAND PACKING CO., Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, August 8, 1944.

*Harry A. Gottlieb* for appellant.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Aaron B. Coleman* of counsel), for respondent.

BAYES, Ch. J. Appeal by defendant from 132 judgments of conviction in the Magistrate's Court, Staten Island District, Borough of Richmond, City of New York, rendered February 24, 1944, for violations of subdivision 6 of section 101 of the New York State War Emergency Act and of the Resolution of the New York State War Council, dated April 28, 1943, which promulgated in this State the price regulations issued by the Office of Price Administration. A fine of twenty-five dollars or, in default of payment, five days in the city prison was imposed in each of the 132 cases and, in addition, defendant was sentenced to serve five days in the city prison on 9 separate cases out of the 132 cases.

The essence of the complaints is that in the sales specified defendant "Violated the order and resolution of the New York State War Council which promulgated the price regula-

tions of the United States Office of Price Administration and Section 101, subdivision 6 of the New York State War Emergency Act.''

Section 10 of chapter 171 of the Laws of 1943 adds an additional section to section 101 of chapter 544 of the Laws of 1942 relating to violations and penalties as follows:

'' Section 10. Section one hundred one of such chapter, as generally amended by chapter five hundred forty-four of the laws of nineteen hundred forty-two, is hereby amended by adding thereto a new subdivision, to be subdivision six, to read as follows:

'' 6. Any person who shall wilfully violate or disobey any duly promulgated rule, regulation or order, for which a person is not declared to be guilty of either a misdemeanor or an infraction in any of preceding subdivisions of this section, or by or pursuant to any other provision of this act, shall be guilty of an infraction.''

Section 102 of chapter 544 of the Laws of 1942 reads as follows: '' Section 102. *Punishment for infractions.* Any person convicted of an infraction as defined by this act shall be punished by a fine of not more than twenty-five dollars or five days in jail or both.''

The facts are not in dispute. It appears that defendant has been engaged in business as a wholesale dealer in meats since January, 1941, his company being known as the Staten Island Packing Company of Richmond County. He admitted that in charging retailers of meat the prices shown on bills exhibited to him he knew he was charging above the ceiling price.

On this appeal defendant challenges the judgments on the ground that the New York State War Emergency Act is unconstitutional, specifying that it violates both the New York State and Federal Constitutions.

Upon examining the legislation under consideration we find that the New York State War Emergency Act was enacted as chapter 445 of the Laws of 1942. It established a State War Council and Local War Councils, specifying their respective powers. Section 5 thereof provides that: '' There is hereby created and established a temporary state commission to be known as the New York state war council for the general purpose of aiding the war effort by formulating and assisting in the execution of plans for the mobilization and efficient utilization of the resources and facilities of the state and for the co-ordination and direction of state and local activities related to civilian protection and to state and national defense.''

Subsequent sections provide for the organization of the State War Council and of City and County War Councils, prescribing the powers of each. Subdivision 6 of section 7 empowers the State Council: "To adopt and promulgate in this state any rationing, freezing, price fixing or other order or regulation imposed by the authority of the federal government; and to adopt rules and issue orders with respect to the enforcement of any such rationing, freezing, price fixing or other order or regulation."

Subdivision 7 of section 9 authorizes Local Councils: "To act in relation to rationing, freezing and price fixing; to conservation of food and essential materials; salvage and similar war effort activities in such manner as the state council may direct or request."

Section 102 provides that this act shall continue in force and effect until July 1, 1943.

Thereafter, chapter 544 of the Laws of 1942 was enacted amending the New York State War Emergency Act generally. This left unchanged the powers of the State Council specified in subdivision 6 of section 7. The provisions as to the powers of the local councils were amended to read as follows (§ 9, subd. 7): "To act in relation to rationing, freezing and price fixing, conservation of food and essential materials, salvage and other activities to promote the war effort in such manner as the state council may direct or request."

Article 10 defines violations and prescribes penalties.

Thereafter, chapter 171 of the Laws of 1943 was enacted further amending the New York State War Emergency Act generally and repealing certain provisions therein contained. This chapter became a law March 30, 1943. Section 8 thereof reads as follows: "§ 8. Subdivision (d) of section one hundred of such chapter, as generally amended by chapter five hundred forty-four of the laws of nineteen hundred forty-two, is hereby amended to read as follows: (d) 'Infraction' shall mean a violation of any law or duly promulgated rule, regulation or order (1) which is expressly declared to be an infraction by this act, or (2) which is not expressly declared by this to be either a misdemeanor or an infraction but where a penalty or other punishment is prescribed by this act. An infraction is not a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof. For the purpose of

conferring jurisdiction upon courts and judicial officers generally, subject to the provisions of section one hundred one-a of this act, such infractions shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to infractions.''

A new section numbered 101-a is inserted, reading as follows: '' Section 101-a. *Jurisdiction of courts concerning violations.* Courts of special sessions outside the city of New York and city magistrates' courts in the city of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges of violations constituting misdemeanors or infractions under this act or under any rule, regulation or order duly promulgated pursuant to this act, committed within the territorial jurisdiction of such courts. Such exclusive jurisdiction in the case of misdemeanors shall be subject to removal to another court or to divestment on account of indictment or otherwise in the same manner and to the same extent as is now or may hereafter be provided by law with respect to charges of misdemeanors generally in such respective courts.''

The provisions of this act continued in force and effect until July 1, 1944.

On April 28, 1943, the New York State War Council adopted the following resolution (published May 8, 1943, in the Official Bulletin of the N. Y. S. War Council, Vol. 2, No. 20, p. 222):

'' Resolution of New York State War Council

Resolution No. 294

'' Whereas, wide-spread violations of price ceilings are endangering the equitable distribution of food supplies to the people of the State of New York and tend to the breakdown of measures designed to prevent inflation; and

'' Whereas, the War Council of the State of New York desires to take all steps legally possible to prevent inflation and a shortage of food in the State without in any manner approving all of the policies or the details of the price regulations by the Office of Price Administration, but finding that the promulgation and enforcement of such rules as shall from time to time exist is imperative; and

''Whereas, subdivision 6 of Section 7 of the New York State War Emergency Act empowers the New York State War Council to adopt and promulgate in this State any rationing, freezing, price fixing, or other order or regulation imposed by the authority of the Federal Government; and to adopt rules and issue orders with respect to the enforcement of any such rationing, freezing, price fixing or other order or regulation; and

" WHEREAS, Chapter 171, Laws of 1943, Section 101a of the War Emergency Act declares Courts of Special Sessions outside the City of New York and City Magistrates' Court in the City of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges of violations constituting misdemeanors or infractions under this act or under any rule, regulation or order duly promulgated pursuant to this act, committed within the territorial jurisdiction of such courts, such exclusive jurisdiction in the case of misdemeanors shall be subject to removal to another court or to divestment on account of indictment or otherwise in the same extent as is now or may hereafter be provided by law with respect to charges of misdemeanors generally in such respective courts; now, therefore, be it

" RESOLVED, that:

" 1. Solely for the purpose of enforcement, all regulations and orders established by the Price Administrator pursuant to the Emergency Price Control Act of 1942, as amended by Public Law 729 — 77th Congress, are hereby adopted and promulgated in the State of New York.

" 2. Every violation of any of such regulations or orders shall constitute and be an infraction of this order, triable and punishable pursuant to the provisions of the New York State War Emergency Act, as amended.

" 3. This order shall continue in force and effect until June 30, 1944, unless sooner rescinded by the State War Council.

" 4. This order shall become effective immediately.

" The above resolution was adopted by the New York State War Council at a meeting held on April 28th, 1943, a quorum being present.

> NEW YORK STATE WAR COUNCIL
> By:
> HAROLD H. SCHAFF
> Acting Executive Secretary "

By resolution adopted May 14, 1944, the State War Council extended its resolution of April 28, 1943, to June 30, 1945.

In considering the legislation establishing the State War Council and the resolution of the latter, adopted in pursuance thereof, it should be noted that the State has undertaken to put itself on a war basis in support of the United States and its Allies in the pending struggle against the Axis powers. Under our form of government the power to declare war is lodged exclusively in the Congress of the United States. That,

however, does not prevent a State from enacting legislation and taking every step in support of national defense in time of war. That the legislation is designed as a war measure appears from the title " War Emergency Act ". Moreover, the War Council, by section 5 of chapter 445 of the Laws of 1942, is " created and established a temporary state commission ", presumably to lapse upon the termination of the war. The temporary character of the legislation as a war measure is further emphasized by its successive extensions for brief periods of time.

From an examination of the legislation as a whole one can not escape the conclusion that the State of New York is making an all-out effort to back the National Government in its effort to bring the war to a speedy and successful termination. Consequently it might reasonably be contended that the legislation should be sustained as a war measure, predicated upon the inherent powers of the State to adopt measures not in conflict with those adopted by the National Government. We think, however, the legislation may be sustained in the face of the objections specifically raised by the appellant herein. The case principally relied upon by appellant in support of his contention that the New York State War Emergency Act violates section 16 of article III of the State Constitution, prohibiting incorporation by reference, is *Darweger* v. *Staats* (267 N. Y. 290 [1935]). In this case the Court of Appeals held unconstitutional chapter 781 of the Laws of 1933 which provided that the National Industrial Recovery Act (U. S. Code [1934 ed.], tit. 15, § 701 *et seq.*) should become the law of this State upon filing with the Secretary of State a certified copy of each code, agreement, license, rule or regulation adopted by the United States and approved by the President. The decision was based upon the proposition that the legislation amounted to the delegation of legislative power as applied to *intrastate* business. In this connection, however, it must be kept in mind that the National Industrial Recovery Act by its terms was limited to *interstate* commerce. By incorporating the national legislation into the State law by reference and making it applicable to *intrastate* commerce it was held to be a violation of section 16 of article III of the State Constitution, forbidding the passage of any act making any existing law a part of such Act except by inserting it in the Act. In the instant case, however, the Federal legislation creating the Office of Price Administration and providing for the regulation of prices and the fixing of ceiling prices is applicable to every citizen of the United States, without regard to State lines. Hence, the legislation herein

attacked may more properly be viewed as providing for the mere *enforcement* of existing Federal laws already applicable to all citizens of this State. As a matter of fact, paragraph 1 of the resolution of the New York State War Council specifically provides that all regulations and orders established by the United States Price Administrator are adopted " solely for the purpose of enforcement ". (See *Butter and Egg Merchants Assn.* v. *La Guardia,* 181 Misc. 889.)

In *Butter and Egg Merchants Assn.* v. *La Guardia* (*supra*) Mr. Justice HOFSTADTER sustained the New York State War Emergency Act, challenged on constitutional grounds, saying: " Nothing is adduced in the papers before me which raises any serious constitutional question with respect to these Acts. There is neither a delegation of State power to Federal agencies proscribed in *Darweger* v. *Staats* (267 N. Y. 290), nor any violation of section 16 of article III of the State Constitution (*Transit Commission* v. *Long Island R. R. Co.,* 272 N. Y. 27; *Matter of Mosner* v. *Haddock,* 181 Misc. 486). The language of the Court of Appeals in *People ex rel. N. Y. Elec. Lines Co.* v. *Squire* (107 N. Y. 593, 602) makes it abundantly clear that the State legislation in question merely provides more convenient methods for the enforcement of valid and existing Federal laws. As such, they are not in conflict with any provisions of the Federal or State Constitutions." (See *Commonwealth* v. *Alderman, Appellant,* 275 Penn. St. 483 [1923] ; *Transit Commission* v. *Long Island R. R. Co.,* 272 N. Y. 27 [1936].)

In *Matter of Mosner* v. *Haddock* (181 Misc. 486) it was held that the State War Emergency Act was not unconstitutional since it merely conformed State to Federal regulation.

As to appellant's contention that the legislation in question violates section 1 of article III of the State Constitution, which lodges legislative power in the Senate and Assembly, we are of the opinion that the War Emergency Act is, in essence, nothing more nor less than an enforcement measure in aid of Federal legislation already binding upon all citizens of this State.

As to section 6 of article I of the State Constitution, which provides that no person shall be deprived of life, liberty or property without due process of law, it is again to be noted that the price regulations are fixed by Federal legislation which has already been sustained by the Supreme Court of the United States in *Rottenberg* v. *United States* (321 U. S. 414) and *Yakus* v. *United States* (321 U. S. 414). Moreover, as hereinabove stated, this legislation might reasonably be sustained as a war

measure enacted pursuant to powers inherent in the State as well as in the United States Government.

As to the Fourteenth Amendment to the Constitution of the United States which, among other things, provides that no State shall deprive any person of life, liberty or property without due process of law, it is sufficient to repeat that the State War Emergency Act is merely an enforcement act, since it does not and cannot change the terms or the force and effect of the act of Congress in establishing the Office of Price Administration, and granting powers for the fixing of price ceilings in restraint of inflationary commodity prices.

For the reasons hereinabove assigned we conclude that the New York State War Emergency Act does not violate the Constitution of the State of New York or of the United States. Accordingly, the judgments should be affirmed.

PAIGE and WIEBOLDT, JJ., concur.

Judgments affirmed.