JOSEPH BAKSI, Appellant, *v.* HERMAN WALLMAN, Respondent, et al., Defendants.

COHN, J. (dissenting). The order appointing a receiver on motion of defendant Wallman directs plaintiff to pay over to the receiver moneys due and to become due pursuant to a written stipulation between defendants Wallman and Wolfson settling litigation between the two. Plaintiff was not a party to the stipulation and he urges that in no event can he be committed under it because, as to him, the underlying contract by plaintiff to pay Wolfson 50% of his earnings as a boxer is illegal and has already been repudiated by him. Moreover, the order appointing the receiver before judgment does not meet the statutory standard (Civ. Prac. Act, § 974). Plaintiff is a resident of the State, has all of his funds here and no claim is made that he is about to depart from the State; there is no proof that the funds earned or to be earned by plaintiff " will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed."

There is also an insufficient basis for granting injunctive relief restraining plaintiff and defendant Wolfson from distributing so much of the moneys received or to be received by plaintiff as are allegedly due and payable to defendant Wallman from Wolfson under the terms of the stipulation. The mere accusation by Wallman, as alleged in his counterclaims and stated in his affidavit, that plaintiff is fraudulently interfering with Wallman's alleged contract with Wolfson is not enough, particularly in view of plaintiff's claim that he had a perfect right to repudiate the allegedly illegal underlying agreement.

The order should be reversed and the motion in all respects denied.

Dore, Callahan and Wasservogel, JJ., concur in decision; Cohn, J., dissents in opinion in which Martin, P. J., concurs.

Order affirmed, with $10 costs and disbursements. No opinion.

JOHN REUTER et al., Respondents, v. HOUSEHOLD FINANCE CORPORATION, Appellant.— Judgment and order unanimously reversed, with costs, and the complaint dismissed. Defendant should have judgment, with costs in the Municipal Court action which has been consolidated with the plaintiffs' action in the Supreme Court. The statement delivered to plaintiffs by defendant was sufficient to comply with the statute (Banking Law, § 353; *Rimpotti* v. *Household Finance Corp.*, 266 App. Div. 778; *Di Nome* v. *Personal Finance Co. of New York*, 291 N. Y. 250). Settle order on notice. Present — Martin, P. J., Townley, Dore Cohn and Callahan, JJ.