David Kusnetz, J.
Motion by one of the defendants for summary judgment striking out the plaintiffs’ complaint as without merit and for such other relief as may be just in the premises.
*29 The action is to declare void a bond and mortgage on the ground that they were usurious and for judgment for the return of all payments made thereunder totaling the sum of $3,183.63. It is claimed that the plaintiffs received only $2,000 on a bond and mortgage executed for $3,000, payable in monthly installments of $91.27 on or before January 15,1957, with interest at the rate of 6% per annum payable on the 15th of February, 1954 and monthly thereafter on the fifteenth day of each month. It is further claimed that notwithstanding that the bond and mortgage were made and delivered to the defendant Weiss who, in turn, assigned them to the defendant Wittlin, it was the moving defendant who was in fact the lender and the defendants named above were his agents in the transaction; that it was his check in the sum of $2,000 which was delivered to the plaintiffs. It is conceded, however, that pursuant to1 the terms of the bond and mortgage eight monthly installments, totaling some $728, were paid prior to December, 1954 when the balance of the bond and mortgage in the total sum of $2,564.90 was paid and the bond and mortgage satisfied in full on December 28, 1954.
The moving defendant and the defendant Wittlin have submitted affidavits wherein they deny that the transaction was usurious. It is claimed by the moving defendant that he represented the plaintiffs who subsequently sought a second mortgage on their property, and that he secured such second mortgage from the defendant Weiss to whom the bond and mortgage were made and delivered as security for his loan to the plaintiffs; that he drew the bond and mortgage as well as the assignment thereof to the defendant Wittlin; that all payments by the plaintiffs were made by check to the assignee and forwarded directly to her; that when on or about December 28, 1954 the plaintiffs refinanced this mortgage, it was paid in full and satisfied of record; and that he drew the satisfaction on behalf of the holder of the mortgage, namely, the defendant Wittlin, who claims that she originally paid $3,000 therefor and that she deposited and kept the proceeds thereof when the mortgage was satisfied.
The affidavits of the plaintiffs submitted in opposition to a prior motion have been incorporated in the affidavit submitted in opposition to the instant motion, and the court has also read the reply affidavit of the moving defendant which was then submitted.
The transaction here involved may or may not have been a subterfuge, cover or device for exacting a bonus from the plaintiffs, constituting usury. Whether it was or not is a question of fact which this court cannot summarily determine on *30 the affidavits o’f interested parties. (Cf. Farber v. De Bruin, 253 App. Div. 909.) “ ‘ Form amounts to nothing if the facts alleged and established show the transaction was usurious. Courts always look to the actual nature of the transaction and not to the form which the parties may have given to it.’ ” (Silverstein v. Taubenkimmel, 209 App. Div. 710, 715.) However, since the loan was fully paid and the bond and mortgage securing it satisfied of record, the plaintiffs cannot recover the amount actually loaned and repaid. As was stated in Smith v. Marvin (27 N. Y. 137, 143), quoting from Dix v. Van Wych (2 Hill 522, 524): “ 1 Contracts affected by usury are not so utterly void but that they may be ratified; and, therefore, if a borrower repay a loan which he might have avoided for usury, he cannot recover the money back again; though under our statute, he may recover the excess which has been paid beyond the legal interest.’ ” (See, also, Personal Finance Co. v. Gross, 170 Misc. 166, 169.)
Under section 372 of the General Business Law a borrower who has paid or delivered any greater sum or value than is allowed by law (General Business Law, § 370) may recover, in an action against the person who has taken or received the same or his personal representative, the amount of money so paid or value delivered above the legal rate, if such action be brought within one year after such payment or delivery. If, in truth, the transaction here involved is found to be usurious, the plaintiffs may be entitled to recover the excess paid beyond the legal interest.
True, the theory upon which plaintiffs sue is that they are entitled to recover all moneys paid by them. But a claim for the recovery o'f the excess which they paid beyond the legal interest is encompassed therein. Accordingly, in view of the omnibus prayer for relief contained in the order to show cause, partial summary judgment is granted as to so much of the claim as relates to the $2,000 admittedly received by the plaintiffs and the legal rate of interest thereon until the bond and mortgage were satisfied. As to the excess, the motion is denied and the action is severed since the issue of usury cannot be disposed of summarily upon the papers before the court.
Settle order.