DAVID A. CONRAD et al., Appellants, v HOME AND AUTO LOAN COMPANY, INC., Respondent.

Fourth Department, July 2, 1976

*Greater Up-State Law Project, Monroe County Legal Assistance Corp. (Rene H. Reixach* of counsel), for appellants.

*Arthur E. Rosenberg* for respondent.

DILLON, J. Defendant is a licensed lender under article 9 of the Banking Law. On June 12, 1972 plaintiffs procured a loan from defendant which was payable in monthly installments over a three-year period. Essentially, plaintiffs made timely payments, but this action was commenced on December 17, 1974 before the loan was fully repaid. For reasons not explained in the record, plaintiffs continued making payments during the pendency of this action, and the loan was fully satisfied and discharged.

Plaintiffs seek relief under section 358 of the Banking Law which provides, *inter alia,* that any loan made in violation of section 353 of the Banking Law shall be void. The lender or its representative responsible for such violation is guilty of a misdemeanor. Section 358 further provides in relevant part: "Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever."

For the purposes of this appeal defendant concedes that at the time of the loan it failed to furnish plaintiffs with the items required to be disclosed under the Federal "Truth in Lending Act" (US Code, tit 15, § 1601 *et seq.)* as the same is incorporated in section 353 of the Banking Law. There is no claim, however, that the loan is otherwise tainted.

Plaintiffs seek not only a declaration that the loan is void, but they also sue to recover all payments of principal and interest made upon the loan. Defendant contends that the action is barred by a one-year Statute of Limitations (US Code, tit 15, § 1640, subd [e]) set forth in the "Truth in Lending Act". Special Term concurred, and it is from a denial of plaintiffs' motion for summary judgment and a dismissal of the first cause of action that plaintiffs appeal.

It is agreed by the parties that if this was an action to recover the specific civil penalties established in the Federal Truth in Lending Act (see US Code, tit 15, § 1640, subd [a], pars [1], [2]), it would be time-barred under the Federal statute (US Code, tit 15, § 1640, subd [e]). Any such action may be brought in a United States District Court or in any State court of competent jurisdiction (US Code, tit 15, § 1640, subd [e]).

Defendant urges that by incorporating the provisions of the Truth in Lending Act into section 353 of the Banking Law, the Legislature intended also to make applicable the one-year limitation upon actions instituted under section 358 of the Banking Law. Such a result is unsupported by legislative history.

While a certain degree of disclosure has long been required in New York consumer credit transactions, the State Legislature adopted a comprehensive Truth in Lending Act in 1968 (General Obligations Law, art 6; L 1968, ch 1072, eff July 1, 1969). Before the same became effective, it was repealed (L 1969, ch 1141). A note appended to this legislation explained its purpose as follows: "The Federal Truth-in-Lending Act of 1968 and the regulations thereunder of the Federal Reserve Board, which become effective July 1, 1969, supersede the New York State Truth-in-Lending Act, which was enacted last year as Article VI of the General Obligations Law (Chapter 1072, Laws 1968) to become effective July 1, 1969. The requirements of the State and Federal laws for disclosure of credit charges and for credit advertising are substantially similar. Also, each is limited to consumer credit transactions. Accordingly, the act repeals the State Truth-in-Lending Act. Since the Federal law creates a penalty for the failure to disclose credit information pursuant thereto and a right to enforce the penalty in any court of competent jurisdiction, with a one-year limitation, subdivision (7) of § 217 of the Civil Practice Law and Rules, which was added by Chapter 1072 of the Laws of 1968 to impose a one-year limitation on actions to recover a penalty under the State Truth-in-Lending Act, is no longer necessary. Accordingly, the act also repeals such subdivision (7)." It follows, therefore, that any action brought to recover the statutory penalty established in the Federal legislation is subject to the one-year limitation.

Here, however, plaintiffs seek a declaration that the loan is void under section 358 of the Banking Law which is peculiarly a State statute and which pre-existed both the State and Federal Truth in Lending Acts. Such a suit is subject to a three-year Statute of Limitations (CPLR 214, subd 2). To hold otherwise would subject actions under section 358 to multiple Statutes of Limitations, a result clearly not intended by the Legislature. Section 358 also provides that violations of sections 340, 350, 352 and 357 of the Banking Law constitute misdemeanors which render a loan void. Such other violations

have little or no relevancy to the Federal Truth in Lending Act and are clearly governed by CPLR 214 (subd 2).

The more substantive issue here, however, involves the claimed right of the plaintiffs to judgment for all payments of principal and interest voluntarily made upon the loan. To the extent that the complaint seeks such relief, it is without basis in law. Surely such an action was not recognized at common law, and section 358 of the Banking Law is of no avail to plaintiffs as it establishes no such remedy. Section 358 creates a defense for the borrower in a suit by a lender where the disclosure requirements of section 353 have not been met (*Personal Finance Co. of N. Y. v Gross,* 170 Misc 166).

Plaintiffs rely upon the holding in *Rosenblum v Family Finance Corp.* (179 Misc 1050, affd without opn 266 App Div 872) as authority for recovery of moneys paid to a lender in these circumstances. To the extent that the *Rosenblum* decision is interpreted to mean that the lender must return to the borrower all money paid on a loan otherwise lawful except for defective disclosure, it must be rejected.* We concur with the rationale of *Rosenblum,* however, insofar as it authorizes, as in usury cases, an action to cancel the loan or enjoin its collection and recover the instruments of indebtedness (*Reich v Railroad Employees' Personal Loan Co.,* 291 NY 714; see *McNellis v Raymond,* 329 F Supp 1038, 1046; see, also, General Obligations Law, §§ 5-511, 5-513).

A statute which deprives a lender of his right to collect or receive any principal, interest or charges upon a loan, and also makes the lender guilty of a misdemeanor, must be strictly construed (*DiNome v Personal Finance Co. of N. Y.,* 291 NY 250, 253). "[W]hen conduct is thus to be visited with loss or impairment of liberty or property, clear and exact definition of the offense is called for." (*DiNome v Personal Finance Co. of N. Y., supra,* p 253.) A lender should not be subject to any greater deprivation of liberty or property than is specifically authorized by statute and clearly intended by the Legislature.

---

* It is noted that the decision in *Rosenblum* results from peculiar facts. There the lender had filed with the borrower's employer a wage assignment from which the lender was receiving regular payments on the loan. As a consequence, the lender had no need to bring an action in which the borrower could interpose a defense under section 358. Admittedly, however, the borrower's complaint, brought in equity and held to be sufficient, sought not only the cancellation of the loan and recovery of the instruments of indebtedness, but also the return of all moneys paid on the loan.

Here the plaintiffs were entitled to recover a statutory penalty if they had instituted an appropriate action within one year. Having failed to do so, they had a continuing right during three years from the date of the lender's admitted violation, to bring an action to void the loan, enjoin future payments and recover the instruments of indebtedness. These are substantial rights which should not be extended by judicial fiat, absent specific legislative authority.

Having thus found that a borrower is not invested by section 358 with a right to recover payments of principal and interest voluntarily made on a loan otherwise valid except for defective disclosure, it remains necessary to consider plaintiffs' claim that the final six payments, after the institution of this action, were made under a reservation of rights and without prejudice, which procedure plaintiffs assert was confirmed and assented to by the defendant. Such a claim may well bear upon the issue of voluntariness and requires exploration. Plaintiffs' first cause of action is so drafted as to include a demand for relief regarding those payments and, therefore, to the extent indicated, the cause of action should be reinstated.

In reaching this result, we have not overlooked the constitutional arguments raised by defendant regarding the incorporation by reference into section 353 of the provisions of the Federal Truth in Lending Act and the regulations thereunder. Defendant's claim is twofold: (1) that by its failure to insert into section 353 the specific provisions of the Federal law and regulations, the Legislature violated section 16 of article III of the State Constitution and, (2) that in making a violation of the Federal act and regulations a crime, and subjecting a licensed lender to other penalties, the Legislature engaged in an unconstitutional delegation of its powers.

We note that no issue is presented with respect to that portion of the incorporation relating to future amendments of the Federal statute and regulations, since plaintiffs' claim is not based upon such an amendment. We do not address ourselves, therefore, to any constitutional discussion which may later arise from the enforcement in this State of a future amendment to the Federal statute or regulation. We are constrained to note, however, that the Court of Appeals, in interpreting the mandate of section 16 of article III (formerly § 17), observed that "[s]urely an act which provided that any regulation of Congress *hereafter made* * * * would be enforceable in this State, and a violation thereof would be a misde-

meanor, would be a violation of the spirit and letter of this our constitutional provision." *(Darweger v Staats,* 267 NY 290, 309; emphasis added.)

Defendant's initial constitutional argument is easily resolved. Section 16 of article III of the New York Constitution provides: "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof shall be applicable, except by inserting it in such act."

That section does not apply, however, where a bill or the amendment to any bill, or a bill amending an existing law, is recommended to the Legislature by commissioners or any public agency appointed or directed to prepare revisions, consolidations or compilations of statutes (NY Const, art III, § 21). The bill here, amending, *inter alia,* section 353 of the Banking Law, was recommended to the Legislature by the State Banking Department which has been directed by the Legislature to submit proposals for any amendment to the Banking Law which it deems desirable (Banking Law, § 15, subd 3). The proscription of section 16 of article III therefore, does not apply to the incorporation of the Federal act and regulations into section 353.

Courts have long been troubled by the perplexing difficulties involved in assessing an unconstitutional delegation of legislative power. That power is vested in the Legislature (NY Const, art III, § 1) and cannot be passed on to others *(Darweger v Staats, supra,* p 305). Inherent in the legislative function is the responsibility for making laws to remedy particular ills which are adverse to the public interest.

The Legislature initially responded to the need by enactment of a State law. When it became apparent that there would become effective a Federal law, essentially the same in terms of the policy of the State, the evil to be remedied, the conduct to be mandated and proscribed, and the penalties to be invoked, it adopted relevant portions of that law as its own. Being fully aware of the conduct that it was requiring of licensed lenders, it exercised, rather than delegated, its legislative function. Furthermore, to the extent that the incorporation by reference is to existing law and regulations already applicable to the citizens of this State, it is a permissible legislative device *(People v Mailman,* 182 Misc 870, affd 293 NY 887).

Special Term's order should therefore be modified by reinstating that part of the first cause of action with respect to plaintiffs' claim concerning the final six payments.

MARSH, P. J., MAHONEY, GOLDMAN and WITMER, JJ., concur.

Order unanimously modified in accordance with opinion by DILLON, J., and as modified, affirmed, without costs.

