Richard F. Kuhnen, J.
On the motion for reargument an issue was raised for the first time as to whether the amount of credit extended the defendants to pay off a prior loan constituted an amount which must be separately itemized under *566 section 1639 (subd [a], par [2]) of title 15 of the United States Code. In their brief, submitted after this court granted that motion, defendants allege another omission to disclose which, again, was not heretofore raised.
As stated in the court’s original opinion (Public Loan Co. v Hyde, 89 Misc 2d 226, 230), section 353 of the Banking Law will not be held "to include any alleged violation which is not clearly within the plain intention of the statute.” (Di Nome v Personal Fin. Co. of N. Y., 291 NY 250, 253.) Under this standard, the argument that the failure to itemize the amount required to satisfy a pre-existing loan is a violation of that provision must fail. At the very least it is fairly debatable whether such a payoff amount is a "charge” which must be itemized under section 1639 (subd [a], par [2]) of title 15 of the United States Code or whether it is the "amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.” (US Code, tit 15, § 1639, subd [a], par [1]; emphasis supplied.) Furthermore, Federal authorities on this issue apparently have held that such an itemization is not required. (See McGowan v Credit Center of North Jackson, 546 F2d 73; Pollock v General Fin. Corp., 552 F2d 1142, 1144, same court; Gillard v Aetna Fin. Co., 414 F Supp 737.) Therefore the court holds that the failure to itemize the amount required to pay off the first loan does not justify forfeiture of plaintiffs right to collect the outstanding balance.
Turning to the additional issue raised, plaintiffs disclosure statement, attached to the original papers, does not show that there are three separate disclosures as may be required by section 1639 (subd [a], pars [1], [2], [3]) of title 15 of the United States Code. The statement lists the total amount financed at $1,196.58 and itemized charges of $25.26, $34.55 and $2.50. Although the alleged missing disclosure (subd [a], par [1]) might easily be mathematically calculated by subtracting the charges from the total amount financed, a literal reading of the statute, standing alone, would apparently require that all three elements of the equation be directly set forth. (See Pollock v General Fin. Corp., 535 F2d 295, supra.)
However, as is conceded by the court in Pollock v General Fin. Corp. (535 F2d 295, 298), section 226 (subd [d], par [1]) of regulation Z (12 CFR 226.8 [d] [1]) does not require direct disclosure of all three items but apparently will permit com *567 pliance by disclosure of the itemized "charges” and the "total amount financed.”[1] This view is not absolutely inconsistent with the statute since disclosure of two elements of the statutory equation is disclosure of the entire equation, even though indirectly.
But the issue here does not center upon the validity of this portion of regulation Z. Rather the crucial inquiry is whether plaintiff was given fair warning of the requirement to directly disclose all three elements of the equation, if that is indeed the correct construction of the statute. (See Di Nome v Personal Fin. Co. of N. Y., supra, p 253; see, also, Mourning v Family Pub. Serv., 411 US 356, 374-375; US Code, tit 15, § 1640, subd [f].)
In view of subdivision (d) of section 226.8 of regulation Z (12 CFR 226.8 [d]), it would be unfair to hold a lender retroactively to the interpretation of the court in Pollock even if that court has correctly construed the statute. (See United States v Pennsylvania Chem. Corp., 411 US 655, 674.)[2]
Finally, it is appropriate at this point to correct a misstatement in the court’s original opinion (Public Loan Co. v Hyde, 89 Misc 2d 226, 229, supra). As defendants correctly have pointed out, the record below in Conrad v Home & Auto Loan Co. (53 AD2d 48) shows that the implication of that case, as suggested by this court, need not be drawn. Therefore, reliance on Conrad is withdrawn but the conclusion reached therein remains unaffected.
The stay previously granted on June 13, 1977 is vacated. Plaintiff shall have execution on the judgment in its favor.

. On a petition for rehearing, that court indicated the Federal Reserve Board, amicus curiae, confirmed that this was its intent (Pollock v General Fin. Co., 552 F2d 1142, 1143, supra).

. Beyond this, the failure of defendants to raise this argument for more than a year after the action was commenced, and months after this action was heard twice at Special Terms (Aug. 3, 1976 and March 15, 1977), is an impressive indication that they were not misled by this "omission” and that no injustice has resulted to them because of it.