**UNITED STATES of America, Plaintiff,**

v.

**YELLOW CAB COMPANY, Defendant.**

**Civ. A. No. 28224.**

United States District Court
E. D. Pennsylvania.
Nov. 17, 1960.

Henry R. Heebner, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William M. Barnes, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

WELSH, Senior District Judge.

This action arose out of a collision between a truck owned and operated by the Department of the Navy and a taxicab owned and operated by the Yellow Cab Company. The collision occurred on February 3, 1958. On June 29, 1960, the United States commenced this suit to recover the amount of damage to its vehicle. On August 18, 1960, the defendant filed its answer and asserted a counterclaim for the damage to its vehicle.

Plaintiff has moved to dismiss defendant's counterclaim on the ground that

this Court lacks jurisdiction under the provisions of 28 U.S.C.A. § 2401(b).

 The right to bring an original action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., is specifically limited by 28 U.S.C.A. § 2401(b) which provides inter alia:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *"

Thus, the statutory consent of the United States to be sued covers tort claims for which an action is begun within two years after the claim accrues. The sole question to be decided by this Court then is: Does such consent cover defendant's counterclaim which was asserted more than two years after it accrued? If it does this Court has jurisdiction; if not this Court lacks jurisdiction.

Had defendant's counterclaim been a claim in an original action no one would dispute that the United States had consented to be sued therefor, provided, of course, action thereon had been begun within two years after the claim accrued. Such being the case, we should not, by refinement of construction, limit that consent of the United States to claims in an original action and deny it when the claim is asserted in a counterclaim. Defendant's counterclaim is therefore subject to the two year limitation in § 2401 (b) of Title 28 U.S.C.A. As has been stated, defendant failed to assert its counterclaim within the required two years; consequently, the consent of the United States to be sued thereon is absent and this Court lacks jurisdiction. United States v. Wilkes-Barre Transit Corp., D.C., 143 F.Supp. 413 and United States v. Gates Service Corp., D.C., 145 F.Supp. 109.

The effect of our holding is that defendant occupies the precise position insofar as the instant untimely counterclaim is concerned as it would occupy had said counterclaim been asserted in an original action.

Defendant's argument is that a dismissal of its counterclaim should not be ordered because its failure to assert the same within the required two years is due to the fact that plaintiff itself brought suit more than two years after its claim against the defendant accrued. And, defendant further argues that dismissal of its counterclaim will impair its ability to present an adequate defense at the trial of the case. Aside from the fact that the United States has not consented to be sued on defendant's counterclaim, we answer these arguments by pointing out: (1) defendant could have brought an action at any time within two years and its motives for failing to do so are immaterial and (2) it has not been deprived of the opportunity to establish contributory negligence of the plaintiff and lack of negligence on its part.

For reasons stated herein plaintiff's motion to dismiss defendant's counterclaim will be Granted.