PHIL MECHANIC CONSTRUCTION CO. v. JOHN B. GIBSON AND WIFE, URSULA GIBSON

No. 7628DC227

(Filed 4 August 1976)

1. **Contracts § 27— summary judgment — principal amount — finance charge — counsel fees**

   The trial court in a contract action properly entered summary judgment for the plaintiff in the principal amount of $2,215.00 where defendants admitted that they executed a contract containing a "Cash Price" of such amount, but the court erred in granting plaintiff summary judgment for a finance charge and counsel fees allegedly provided for in the contract where defendants denied that contract provisions for finance charges and counsel fees were filled in when they signed the contract and defendants attached to their answer a contract in which such provisions were left blank.

2. **Pleadings § 11— action on debt — counterclaim under Truth in Lending Act**

   A claim for penalties for failure of a creditor to disclose the finance charge as required by the Federal Truth in Lending Act, 15 U.S.C. § 1638(a), may not be raised as a counterclaim in the creditor's action for the unpaid balance on the debt.

APPEAL by defendants from *Allen, Judge.* Judgment entered 23 February 1976, District Court, BUNCOMBE County. Heard in the Court of Appeals 11 June 1976.

In its complaint, plaintiff alleges that it entered into a written contract, attached to the complaint and designated "Ex-

hibit A," to sell and install on their house steel siding for the sum of $3,196.20, that it had performed the contract, but that defendants had failed to pay the contract price.

The contract, "Exhibit A," contained a "box," headed "Statement of Transaction," providing that the contract price of $3,196.20 included a finance charge of $981.20, computed at an annual interest rate of 14.95%, and that if purchasers defaulted they would be liable for reasonable attorneys' fees.

In their answer defendants first admitted the execution of the contract, "Exhibit A," then in their further answer alleged that "Exhibit A" was not a true copy of the contract they executed because when they signed it the box headed "Statement of Transaction" was left blank, except for the space marked "Cash Price" which was filled in with the figure $2,215.00," and defendants attached to this answer a contract designated "Exhibit B," with the box blank as alleged in their answer. Defendants prayed that they recover twice the amount of the finance charge for failure of plaintiff to disclose the amount and rate of the finance charge as required by the Truth in Lending Act.

In their answer to Interrogatories and Request for Admissions the defendants again denied the execution of the contract designated "Exhibit A," and admitted that they executed (1) a certificate acknowledging satisfactory completion of the work and (2) a "Right to Rescind Receipt," which provided that they had the right to cancel the contract within three days from the date on which all disclosures under the Truth in Lending Act were given.

Plaintiff moved for summary judgment, and the court entered judgment for plaintiff for $2,215.00, plus interest of $551.90 computed at the contract rate, and attorneys' fees of $415.04. Defendants appealed.

*Gray, Kimel & Connolly by David G. Gray, Jr., for plaintiff appellee.*

*John I. Jay for defendant appellants.*

CLARK, Judge.

[1] Defendants admitted the execution of the contract as alleged by plaintiff, but in their further answer alleged that the

---

Gudger v. Furniture, Inc.

---

box headed "Statement of Transaction," which included interest and attorney fee provisions was left blank. Construing the defendants' answer with liberality, we find that defendants admit that they executed the written contract attached to their answer and designated "Exhibit B," which left blank the box designated "Statement of Transaction," except for the blank following "Cash Price" which was filled in with the figure "$2,215.00."

Unquestionably, summary judgment against the defendants and for the plaintiff in the principal amount of $2,215.00 was proper. However, since defendants denied in their answer that the contract provision relating to finance charges and attorneys' fees was filled in when they executed the contract, the pleadings raised genuine issues of material fact, and summary judgment under G.S. 1A-1, Rule 56(c) on these two issues should not have been rendered. There was nothing offered by plaintiff to show that it gave the defendants the notice of their obligation to pay attorney fees as required by G.S. 6-21.2(5).

[2] The trial court properly refused to consider defendants' counterclaim for failure of the plaintiff to disclose the finance charge required by the Truth in Lending Act, 15 U.S.C. § 1638(a). In *Enterprises, Inc. v. Neal,* 29 N.C. App. 78, 223 S.E. 2d 831 (1976), this Court held that a claim for penalties under 15 U.S.C. § 1640(a) may not be raised as a counterclaim in the creditor's action for the unpaid balance on the debt.

Affirmed in part and reversed in part and the cause is remanded.

Judges MORRIS and VAUGHN concur.