Alphonse L. Cassetti, J.
The defendant financed the purchase of an automobile through the plaintiff’s bank by executing a retail installment contract. Subsequently, the defendant defaulted in her monthly payments thus precipitating this action to recover the balance due after all allowable credits. The defendant interposed two counterclaims alleging that the plaintiff failed to comply with the Federal Truth-in-Lending Act (United States Code, tit 15, § 1601 et seq.) and the regulations promulgated thereunder by not setting forth the plaintiff’s rights of acceleration; and that the plaintiff failed to make a meaningful disclosure of credit terms.
Plaintiff now moves this court to dismiss defendant’s counterclaims on the basis that such claims must be brought within one year measured from the date of the occurrence of the violation. (United States Code, tit 15, § 1640, subd [e]).
The defendant’s counterclaims are more than one year after the plaintiff allegedly failed to set forth plaintiff’s rights of acceleration and to make a meaningful disclosure of credit terms.
Section 1640 of the Federal Truth-in-Lending Act gives an individual the right to sue a creditor for damages for failure to comply with that statute. A creditor may be liable to an individual in an amount equal to the sum of:
"(1) Any actual damages sustained by such person as a result of the failure;
"(2) (A) In the case of an individual action twice the amount of any finance charge in connection with the transaction, *780 except that the liability under this subparagraph shall not be less than $100.00 nor greater than $1,000.00 * * *
"(3) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney’s fee as determined by the court.”
However, section 1640 (subd [e]) provides that any such action be brought within one year from the occurrence of the violation. This was not done and the counterclaims have been interposed in an attempt to revive barred claims. "A statute that deprives a lender of his right to collect or receive any principal, interest or charges upon a loan * * * must be strictly construed” (Conrad v Home & Auto. Loan Co., 53 AD2d 48).
Defendant relies on CPLR 203 (subd [c]) to extend the one-year limitation imposed by section 1640 (subd [e]) of the Truth-in-Lending Statute. CPLR 203 (subd [c]) extends a Statute of Limitations where the counterclaim arose from transactions and occurrences upon which a claim is asserted in the complaint.
Plaintiffs claim is based upon a breach of the retail installment contract — the defendant’s default in the monthly payments. The defendant’s counterclaims arise from statutory rights created by Federal law. There are two separate rights springing from two separate sources. One, an affirmative action which demands a penalty for an independent wrong, Federal Truth In Lending Act. The other the repayment of a debt. Defendant’s counterclaims do not come within the purview of CPLR 203 (subd [c]).
Defendant’s counterclaims are hereby dismissed.