387 A.2d 93

HOUSEHOLD CONSUMER DISCOUNT COMPANY, Appellee,

v.

Marian VESPAZIANI, Appellant.

AMERICAN FINANCE CORPORATION, Appellee,

v.

Marian VESPAZIANI, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 21, 1977.

Decided April 28, 1978.

John W. Dineen, Aliquippa, for appellant.

No appearance entered nor brief submitted for appellee, at No. 482.

John H. Morgan, Pittsburgh, with him Howard D. Schwartz, Pittsburgh, for appellee, at No. 483.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal has been taken from Judge KLEIN's orders, dated January 14, 1977, sustaining appellees' preliminary objections to appellant's counterclaims for alleged violations

of the Truth-In-Lending Act,[1] in assumpsit actions filed by Appellees Household Consumer Discount Company and American Finance Corporation to recover the balance due on loans made to appellant.[2] Although the initial actions and the counterclaims were filed after the one-year period of limitations set forth in Section 130(e) of the Act had expired,[3] appellant contends that her counterclaims should have been allowed under the common law doctrine of recoupment. For the reasons that appear below, we affirm.

We agree with the contention advanced by both appellant and appellees that the lower court erred in applying state rather than federal law. When a suit on a federally created cause of action is brought in a state court and there is a federal period of limitations specified, state courts should apply the federal period as well as any federal rules on tolling and other ancillary matters. 51 Am.Jur.2d *Limitation of Actions* § 75, at 654, *citing Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964). The Supremacy Clause, U.S.Const. Art. VI, cl. 2, mandates that state courts not usurp the role of Congress by applying state law in matters demanding a uniform national application such as consumer credit regulation. *See Engel v. Davenport*, 271 U.S. 33, 39, 46 S.Ct. 410, 70 L.Ed. 813 (1926). The enactment of the Truth-In-Lending Act constitutes an exercise of Congress' power to regulate commerce, *Sosa v. Fite*, 465 F.2d 1227, 1229 (5th Cir. 1972), and when Congress legislates on a subject within its powers it preempts state regulation of the matter. *See Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). The interjection of state law concerning tolling of the statute of limitations and ancillary matters would impermissibly impinge upon a constitutional power granted to Congress and would

1. 15 U.S.C. § 1601 *et seq.* *See also* Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.

2. These actions have been consolidated on appeal pursuant to Pa.R. A.P. 513.

3. 15 U.S.C. § 1640(e).

create needless diversity in the application of the Act[4] by "making identical transactions subject to the vagaries of the laws of the several states." *Clearfield Trust Co. v. U. S.*, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943). The intended beneficiaries of a federal protective statute must be afforded "the full benefit of federal law." *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 226, 78 S.Ct. 1201, 1205, 28 L.Ed.2d 1272 (1958).

In applying a statutory period of limitations to a Truth-In-Lending cause of action, we are mindful of the fact that the cause of action for an alleged violation of the Act accrues at the time the parties contract.[5] *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973), *cert. den.*, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114; *Chevalier v. Baird Savings Association*, 371 F.Supp. 1282 (E.D.Pa.1974). We are thus squarely faced with the question of whether the one-year period of limitations may in any way be circumvented by a consumer seeking to raise a Truth-In-Lending claim.

Generally, when a statute such as the one under scrutiny creates a right of action that did not exist at common law and restricts the time within which the right is available, the period of limitation is regarded as a matter of substance limiting the right as well as the remedy. *Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977); *Kruhmin v. United States War Shipping Administration*, 81 F.Supp. 689, 690 (E.D.Pa.1949), *aff'd*, 177 F.2d 906 (3d Cir.). The filing of a complaint within the specified period is a condition precedent to recovery. The period of limitations is, therefore, unlike the normal statute of limitations which merely provides a defense to the assertion of a remedy rather than

4. State courts nevertheless have concurrent jurisdiction to hear disputes relating to the Truth-In-Lending Act. Section 130(e) of the Act provides that, "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction . . .." 15 U.S.C. § 1640(e). *See Lewis v. Delta Loans, Inc.*, 300 So.2d 142 (Miss.1974).

5. Early contentions by consumers that a violation of the Act was a continuing wrong have been unanimously rejected by both state and federal courts.

extinguishing the right itself. *Northern Metal Co. v. United States,* 350 F.2d 833, 837 (3d Cir. 1965). The United States Supreme Court has indicated, however, that, "[T]he distinction between remedial and substantive time limitations should not be given undue weight in deciding questions dealing with the extension of the time limit." *Id.* (citations omitted). In *Burnett v. New York Central Railroad,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964), the Court stated that the basic question to be answered in determining whether a statute of limitations is to be tolled "is one 'of legislative intent whether the right shall be enforceable . . . after the prescribed time.'" 380 U.S. at 426, 85 S.Ct. at 1053, *quoting Midstate Horticultural Co. v. Pennsylvania Railroad Co.,* 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96 (1943). If the requisite congressional intent appears, even a period of limitations set forth in a statute creating a new cause of action may be tolled in order to prevent an inequitable result. *See, e. g., American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1973);[6] *Herb v. Pitcairn,* 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945).

Here, however, appellant advances no reason[7] for which the time limitation imposed upon the bringing of an affirmative action should be tolled.[8] Indeed appellant

6. "The proper test is not whether a time limitation is 'substantive' or 'procedural,' but whether tolling the limitation in a given context is consonant with the legislative scheme." *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 557–58, 94 S.Ct. 756, 768, 38 L.Ed.2d 713 (1973).

7. *Compare Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) and *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874) (federal fraudulent concealment rule tolling the statute of limitations until the fraud is discovered). If, for example, a consumer were able to allege fraudulent nondisclosure of credit terms, the one-year period of limitations would be tolled. *See Chevalier v. Baird Savings Ass'n.,* 371 F.Supp. 1282, 1284–85 (E.D.Pa.1974). Ordinarily, however, there is no scienter requirement in an action for a Truth-In-Lending violation.

8. A demand pleaded by way of a set-off or counterclaim is regarded as an affirmative action and, unlike matters of pure defense, is barred by the passing of the specified period of limitation. 51 Am.Jur.2d, *Limitation of Actions* § 78, at 657.

admits that if her Truth-In-Lending claim were determined to be affirmative in nature, the counterclaim would be barred. We need not, therefore, reach the issue of whether Congress intended to permit the tolling of the period of limitations.

 Appellant contends rather that her claim should properly be characterized as a recoupment.[9] "Recoupment is in the nature of a defense arising out of . . . the transaction upon which the plaintiff's cause of action is grounded." *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935). It is, therefore, "never barred by the limitation so long as the main action itself is timely." *Id.* As the United States Supreme Court stated in *Rothensies v. Electric Battery Co.*, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946), however,

[The doctrine of recoupment] has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole. 329 U.S. at 299, 67 S.Ct. at 272.

The Court, in *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), discussed the effect of a statutory period of limitation upon the recoupment defense. Justice Harlan concluded that the policy behind statutes of limitations—the prevention of stale litigation—has no relevance when recoupment is used to present to the court all of the issues necessary to a just determination of the rights of the parties. He declared that

9. Recoupment and compulsory counterclaims are similar in the sense that each arise out of the transaction upon which the plaintiff is suing. *See* F.R.C.P. 13(a). Recoupment goes to the justice of the plaintiff's claim, however, rather than permitting affirmative relief. In other words, recoupment provides the vehicle for reducing the amount of the plaintiff's claim when equitable reasons exist for doing so. 16 A.L.R. 326 (1922), *citing Williams v. Neely*, 134 F. 1 (8th Cir. 1904). *See* 3 Moore's Federal Practice ¶ 13.02, at 13–54 (2d ed. 1974).

a contrary result would be "incongruous" and refused to allow incongruity without the mandate of "the clearest congressional language." 352 U.S. at 71–72, 77 S.Ct. at 168–169.

■■■ Thus the question which presents itself is whether appellees' actions in assumpsit and appellant's claims for Truth-In-Lending violations arise from the same transaction in the sense that the justice of appellees' causes of action can only be determined by examining their alleged failure to comply with the credit disclosure law. It is irrefutable that both claims arise from the same source—the extension of credit by the lender to the borrower. *Ball v. Connecticut Bank and Trust Co.*, 404 F.Supp. 1, 4 (D.Conn.1975). In that sense then, they are offshoots of the same transaction. We do not believe, however, that mere identity of origin is sufficient to permit the Truth-In-Lending claim to be considered a defense in the nature of recoupment.[10]

■■■ As enunciated in *Western Pacific*, the policy behind permitting the recoupment defense is the desirability of permitting the court to examine all aspects of a controversy in order to arrive at a just result. The incongruity referred to in *Western Pacific* does not exist in this case, however. Section 111(d) of the Truth-In-Lending Act, 15 U.S.C. § 1610(d), expressly provides that any violation of the Act is *not to affect the validity or enforceability of the underlying loan transaction.* The Truth-In-Lending claim can never, therefore, constitute a defense to the lender's action on the debt. It is clear, moreover, that the civil penalties recovera-

---

10. The reasoning of cases dealing with the question of whether a lender's counterclaim for money had and received, in a suit by a borrower for Truth-In-Lending violations, is permissive or compulsory is instructive, though not conclusive. *See, e. g., Gammons v. Domestic Loans of Winston-Salem, Inc.*, 423 F.Supp. 819 (M.D.N.C. 1976) (relationship more illusory than real); *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Pa.1976) (offshoots of the same transaction, but not the same basic controversy); *Ball v. Connecticut Bank and Trust Co.*, 404 F.Supp. 1 (D.Conn.1975) (lack any shared realm of genuine dispute).

ble under the Act are not designed to give the borrower the benefit of his or her bargain. *Sellers v. Wollman*, 510 F.2d 119, 122 (5th Cir. 1975). The provisions for maximum and minimum recoveries are inconsistent with any theory of contractual recovery.[11] *Id.*

■ The borrower's claim for a penalty created by federal law is "an extrinsic by-product" of the loan transaction. *Hodges v. Community Loan & Investment Corp. of North Georgia*, 133 Ga.App. 336, 210 S.E.2d 826, 832 (1974), *aff'd in part and rev'd in part on other grounds*, 234 Ga. 427, 216 S.E.2d 274 (Ga.1975). There is no factual or legal similarity between the issues presented by the two claims as there was in *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).[12] The Truth-In-Lending claim "is not a defense which goes to the justice of the lender's claim but an affirmative action which demands a penalty for an independent wrong." *Hewlett v. John Blue Employees Credit Union*, 344 So.2d 505, at 508 (Ala.App., filed Oct. 27, 1976), *quoting Hodges v. Community Loan & Investment Corp. of North Georgia*, 210 S.E.2d at 832.

Accordingly, we hold that appellant's claim constitutes an affirmative counterclaim rather than a recoupment defense. As such it is barred by the one-year period of limitations.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**11.** The successful consumer may recover twice the finance charge or $1,000, whichever is less, with a minimum recovery of $100. Truth-In-Lending Act § 130(a)(2)(A), 15 U.S.C. § 1640(a)(2)(A).

**12.** *Western Pacific* involved a suit by three railroads for recovery of the difference between freight rates paid by the United States and those allegedly due. The United States argued that the tariff, as applied, was unreasonable. The Court held that the defense of unreasonableness was an integral part of the main action, involving the same issues, and was not barred by the statute of limitations. 352 U.S. at 74, 77 S.Ct. 161.