Angel PEREZ et ux., Appellants,

v.

## VOWELL CONSTRUCTION COMPANY, Appellee.

### No. 6664.

Court of Civil Appeals of Texas, El Paso.

May 3, 1978.

Rehearing Denied May 31, 1978.

El Paso Legal Assistance Society, Susan E. Perry, El Paso, for appellants.

Arturo R. Aguirre, Gerald B. Shifrin, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

Appellants appeal that portion of the judgment disallowing their counterclaim for recovery under the Federal Truth-in-Lending law. We affirm the judgment of the trial Court.

Suit was filed by Appellee against Appellants to recover the unpaid balance of a paving assessment and to foreclose on a mechanic's lien contract entered into between the parties. Appellants, as Defendants, alleged that the mechanic's and materialman's lien contract was in violation of the Federal Truth-in-Lending Act, 15 U.S.C.A. Sec. 1601, et seq., and Federal Reserve Regulation Z, 12 C.F.R. Sec. 226. They pled that, as a result of these violations, they were entitled to recoupment and setoff for any judgment taken against them, plus reasonable attorney's fees and costs of Court. The Appellants did not contest the fact that they owed the paving assessment and do not now contest the Court's judgment against them for such assessment and attorney's fees as provided therein; their appeal is limited solely to the failure of the Court to allow them to recover under the Truth-in-Lending Act.

Appellants misconstrue the judgment of the Court or the effect of it. The Court allowed only a personal judgment against the Appellants for the uncontested amount of the paving certificate, interest and attorney's fees. The Court did not allow any recovery under the mechanic's and materialman's lien entered into by the parties, but specifically held: " * * * the mechanic's lien contract executed by the Defendants in favor of Plaintiff dated April 2, 1974, is invalid."

The instrument having been declared invalid and no recovery being allowed on it, we fail to see how Appellants would be entitled to any recoupment or setoff because such instrument violated the Truth-in-Lending Act.

The judgment of the trial Court is affirmed.