PUBLIC LOAN COMPANY, INC., Respondent, v HERBERT K. HYDE et al., Appellants.

Third Department, July 13, 1978

## APPEARANCES OF COUNSEL

*David E. Ralph* for appellants.

*Levene, Gouldin & Thompson (John H. Hartman* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

Plaintiff is a duly licensed lender in the State of New York. On November 6, 1972 defendants, in consideration of a loan of $1,196.58 from plaintiff, executed a promissory note wherein they agreed to repay that sum plus $433.02 in interest in 36 monthly installments commencing on December 21, 1972. Subsequently, they defaulted in the payment of the note thereby causing the unpaid balance, less required credit or refund, to immediately become due and payable. To recover the unpaid balance plaintiff commenced the present action by way of motion for summary judgment in lieu of complaint (CPLR 3213). Opposing this motion, defendants moved for summary judgment in their favor or, alternatively, for a trial of the action, and in so doing, they raised three affirmative defenses and two counterclaims based upon allegations that plaintiff had violated the Federal Truth in Lending Act and the regulations promulgated thereunder as well as the New York Banking Law and the New York Small Loan Law (Banking Law, art 9). Holding that the defendants' counterclaims under the Federal Truth in Lending Act were barred by the one-year limitation contained in the Federal act (US Code, tit 15, § 1640, subd [e]) and that the defendants' other claims were without merit, Special Term ultimately granted

summary judgment for plaintiff and denied the defendants the relief which they requested.

■ Seeking a reversal the defendants limit their substantive argument on this appeal to the question of whether the disclosure statement given to defendants properly disclosed the plaintiff's security interest in their property. Prefatory to reaching this issue, we would initially agree with defendants that Special Term erred in holding their truth-in-lending claims time-barred. Where, as here, truth-in-lending counterclaims arise out of the transaction sued on, they should not be barred by the one-year limitation in the Federal statute *(Lincoln First Bank of Rochester v Rupert, 60 AD2d 193).*

■ Similarly, we agree with defendants that the security interest disclosure given by plaintiff violated the Federal Truth in Lending Act. In pertinent part, the disclosure statement identifies the property securing the note as: *"All* of the household consumer goods *of every kind now owned or hereafter acquired* by Debtors in replacement of said consumer goods (and proceeds) now or hereafter located in or about Debtors residence above set forth." (Emphasis added.) Since the Uniform Commercial Code (§ 9-204, subd [2]) provides that a security interest may attach to consumer goods other than accessions only when acquired by the debtor within 10 days after the secured party gives value, this quoted statement is obviously overbroad and incorrect and constitutes an affirmative misstatement of the scope of plaintiff's security interest. Consequently, it is violative of the Federal Truth in Lending Act (US Code, tit 15, § 1639, subd [a], par [8]) and regulation Z (12 CFR 226.8 [b] [5]) promulgated thereunder *(Tinsman v Moline Beneficial Fin. Co.,* 531 F2d 815; Federal Reserve Board Letter No. 1053, May 28, 1976 [CCH Consumer Credit Guide par 31393]). Plaintiff therefore is liable to defendants for the statutory penalty of twice the finance charge, i.e., $866.04 (US Code, tit 15, § 1640, subd [a]).

Turning lastly to defendants' counterclaims under sections 353 and 358 of the New York Banking Law, we conclude that Special Term correctly found them to be lacking in merit. While section 353 incorporates the Federal Truth in Lending Act and regulation Z to the extent of requiring the disclosure of all items required to be disclosed by said act and regulation, the penalty for a violation of section 353 under State law is much more severe than the penalty provided in the Federal statute. Pursuant to section 358, one who violates section 353

is guilty of a misdemeanor. This results in the invalidation of the underlying debt which is, thereby, rendered uncollectible. Contrary to the situation under the Federal Truth in Lending Act wherein the disclosure requirements involving possible civil penalties are liberally construed in favor of the borrower *(Mourning v Family Pub. Serv.,* 411 US 356), we would, in light of the extreme penalty, more strictly interpret State law. In order for the drastic sanctions under section 358 to be imposed, the violation of section 353 must be "clearly within the plain intention of the statute" *(Di Nome v Personal Fin. Co. of N. Y.,* 291 NY 250, 253). In our view, the improper disclosure statement here was not so blatant or substantial a violation of section 353 as to warrant the total invalidation of the debt.

The order and judgment should be modified, on the law, so as to grant defendants summary judgment on their second counterclaim in the amount of twice the finance charge, i.e., $866.04, and, as so modified, affirmed, without costs.

MAHONEY, P. J., MIKOLL and HERLIHY, JJ., concur; GREEN-BLOTT, J., not taking part.

Order and judgment modified, on the law, so as to grant defendants summary judgment on their second counterclaim in the amount of twice the finance charge, i.e., $866.04, and, as so modified, affirmed, without costs.