A-1 MOBILE HOMES, INC.

Plaintiff

vs.

RAYMOND and ALICE BECENTI

Defendants

vs.

GENERAL ELECTRIC CREDIT CORP.

Third-Party Defendant

Opinion of the Crownpoint District Court

Decided on May 8, 1979

Thomas J. Hynes, Hynes, Eastburn & Hale, Farmington, New Mexico, for Plaintiff and Third-Party Defendant

Paul E. Frye, D.N.A., Crownpoint, New Mexico, for Defendants

NESWOOD, District Judge

Defendant, Raymond Becenti, bases his Motion to Correct Errors, filed April 9, 1979, on three arguments:

1. That his "waiver of default" affirmative defense was improperly denied;

2. That his Regulation Z counterclaim was improperly denied; and

3. That his motion to amend pleadings to conform to the proof was improperly denied.

-72-

These issues will hereinafter be addressed in the sequence set forth above.

I

The Opinion of this Court entered March 26, 1979, based on the denial of Defendant's "waiver of default" affirmative defense on the fact that Defendant had been warned of possible repossession action in March of 1977. Defendant argues that the portion of the sales contract providing for default without notice to the buyer is not to be honored because GECC failed to enforce the "time is of the essence" clause by regularly accepting late and erratic payments. The cases cited in Defendant's Memorandum in Support of Motion to Correct Errors state that "The vendor or creditor must allow the debtor a reasonable opportunity to cure any past delinquencies." (Memorandum, page 2). Soltis v. Liles, P.2d 1297, 1300 (Ore., En Banc, 1976) required that the plaintiff give reasonable notice of his intention to enforce the time is of the essence provision after having repeatedly accepted late payments.

It is the opinion of this Court that GECC's March of 1977, warning to Defendant was sufficient notice of its to take some sort of action if Defendant did not make more of an effort to tender regular payments. The history of Defendant's payments after that time indicate that he paid his January and February payments in late March, his March and April payments in early April, and his May and June payments in early June. Thereafter, for the months of July, August and September, his monthly payments due on the 22nd of the month were received within the first five days of the month in which they were due. This history indicates an intention on the part of Defendant

-73-

to make his monthly payments before the date that they became due.

In spite of the fact that Defendants payments were current up to the payment due September 22, 1977, his default on the contract had not been cured because he had not paid the accured late charges. When suit was filed December 5, 1977, GECC had received no payment or communication from Defendant since September 2nd, ninety-four (94) days previously. On December 5th, his October payment was forty-five days past due. This behavior on the part of Defendant was not a separate default, but the continuation of his previous one which had not been cured because of the outstanding late charges. Therefore, further notice from GECC of its intention to take legal action was not necessary following the March, 1977, warning.

II

Defendant argues that his counterclaim under Regulation Z was in the nature of recoupment. This counterclaim was denied on the basis of 12 CFR 1640, which limits the filing of actions for violation of 15 USC 1601 et seq. (The Truth in Lending Act) to one year. Defendant seeks to distinquish the counterclaim denied on this basis in Smoak Chevrolet Co. v. Barton, 1 Nav.R. 1953 (1977) from the instant case on the grounds that Smoak Chevrolet addressed a counterclaim resembling an affirmatively brought action, not a recoupment. Defendant cites cases and legislative history in support of his contention that a counterclaim in the form of recoupment under Regulation Z should be allowed without regard to 12 CFR 1640's statute of limitation.

Defendants also makes the point that New Mexico courts are allowing such counterclaims and that if the Tribal Court of the Navajo Nation do not, "an excess of cases burdening the Tribal Court system and the denial of equal protection of Navajo people" (Memorandum, page 5) would result. This Court wishes to remind Defendant that United States cases are not dispositive of issues before the Tribal Courts, but serve to indicate how other jurisdictions are handling similar issues. Just as the courts of one state may consider cases from both the states and the United States federal courts, so do the Navajo Courts look to the decisions of other courts for guidance. But just as one state's decision is not mandatory authority for another state, the United States courts, both state and federal, do not dictate the decisions of the Tribal Courts of the Navajo Nation.

An analysis of the cases from the United States on this issue is, however, help to support this Court's decision. The annotations to the statute cite nineteen cases in which the issue has been addressed. In Kentucky and Louisana, recovery in the nature of recoupment is allowed under a state law. See Empire Finance Co. v. Ewing, 558 SW2d 619 (Ky. App., 1977); Term Plan Mid-City, Inc. v. Laughlin, 333 So2d 738 (La. App., 1976); Reliable Credit Service, Inc. v. Bernard, 339 So2d 952 (La. App., 1976). The remaining cases are split eight to eight, with six jurisdictions permitting violation of Regulation Z to be plead after the statute of limitations has run and seven jurisdictions in which such pleading is not allowed.

Florida, Pennsylvania, Georgia, Texas, Oregon, Indiana and North Carolina do not allow violation of Regulation Z to be plead defensively after one year has elapsed. Gillis v. Fisher Hardware Co., 289 So2d 451 (Fla. App., 1974) (barring counterclaim); Household Consumer Discount Co. v. Vespaziani, 387 A2d 93 (Pa. Super., 1978) (barring Counterclaim); Shaw v. First National Bank, 238 SE2d 719 (Ga. App., 1977) (barring counterclaim); Hodges v. Community Loan & Invest. Corp. 133 Ga. App. 336, 210 SE2d 826 (1974), affirmed in part and reversed in part on other grounds 234 Ga. 427, 216 SE2d 274, conformed to 135 Ga. App. 233, 217 SE2d 196 (barring setoff); Perez v. Vowell Construction Co., 567 SW2d 37, (Tex. Cir. App., 1978) (disallowing violations as defense); Holmes v. Rushville Credit Assoc., 353 NE2d 509 (Ind. App., 1976), opinion withdrawn 355 NE2d 417 (Ind. App.) and reinstated 357 NE2d 734 (Ind. App.) (disallowing violations as defense); Phil Mechanic Construction Co. v. Gibson, 30 N.C. App. 385, 226 SE2d 837 (1976) (barring counterclaim).

Illinois, New York, Delaware, Texas, Ohio and Oklahoma cases do allow violation of Regulation Z as a defense. Wood Acceptance Co. v. King, 18 Ill. App.3rd 149,309 NE2d 403 (1974) (allowing counterclaim); Public Loan Co. v. Hyde, 63 App.Div.2d 193, 406 NYS2d 907 (1978) (allowing counterclaim); Lincoln First Bank v. Rupert, 60 App. Div.2d 193, 400 NYS2d 618 (1977) (allowing defense); Carrier Employees' Federal Credit Union v. McCullough, 400 NYS2d 713 (City Ct., 1977) (allowing setoff); Household Finance Corp. v. Hobbs, 387 A2d 198 (Del., 1978) (allowing recoupment); Garza v. Allied Finance Co., 566 SW2d 56 (Tex. Civ. App., 1978) (allowing recoupment); Continental

Acceptance Corp. v. Rivera, 50 Ohio App.2d 338, 4 Ohio App.3rd 287, 363 N.E.2d 772 (1976) (allowing recoupment); Stephens v. Household Finance Corp., 566 P.2d 1163 (Okla., 1977) (allowing counterclaim)

The foregoing cases citations indicate a split of authority among several of the United States. No clear trend one way or the other is evidenced. It is, therefore, clear that the Navajo Nation must decide this issue for itself, and that, either way, the decision would not be contrary to any trend in the United States.

The Navajo Tribal Court of Appeals has articulated its intention to bar counterclaims under Regulation Z made after the statute of limitations has run. Smoak Chevrolet, supra. It is the opinion of this Court that any counterclaim, whether it is in the nature of a recoupment, setoff or otherwise, is barred after the lapse of the one-year statute of limitations under 15 U.S.C. 1640(e).

III

Defendant further argues that he should be allowed to amend his pleadings to conform to the proof, that although his alleged cause of action for assault was not proven at trial, the Court should have found that the conduct of GECC's agent constituted abusive treatment by a creditor and should have awarded judgment to Defendant on a theory of wrongful collection practice constituting an invasion of privacy.

Daniel Lumber Company v. Empressas Hondurenas, S.A., 215 F.2d 465, a case cited in Defendant's Memorandum at page 7, is dispositive of this argument. The first formal motion made by Defendant to amend pleadings was made in his memorandum filed April 9, 1979. Daniel Lumber requires that such an amendment be made after verdict but before judgment. The Judgment in the instant case was entered March 26, 1979, two weeks prior to Defendant's first mention of changing his pleadings to conform to the proof.

In addition, it is the opinion of this Court that Defendant failed at trial to introduce sufficient evidence to support his claim for relief on either assault or wrongful collection practices constituting an invasion of privacy.

For all of the foregoing reasons, Defendant's Motion to Correct Errors is hereby DENIED.