Rehearing Denied March 7, 1980.
These consolidated petitions for certiorari present the issue of whether a debtor may plead certain affirmative rights established in the Federal Truth In Lending Act, 15 U.S.C. § 1601 et seq., as a defense to a suit on a debt. These affirmative rights were asserted as a plea of common law recoupment in a suit by a creditor to recover a debt, the enforcement of which is governed by 15 U.S.C. § 1601 et seq. The courts below ruled against the debtors/petitioners and in favor of creditors. We find no error and deny certiorari.
The Federal Truth In Lending Act occupies a position of concurrent federal and state jurisdiction. 15 U.S.C. § 1640(e). Under this federal statute certain obligations are placed upon the creditor in consumer transactions encompassed within the act. If a consumer loan is made and the creditor does not properly disclose various financial matters to the debtor, then the debtor may sue the creditor for twice the finance charges growing out of the transaction. Section 1640 of the act provides for this *973 civil liability which is in the nature of a penalty and in § 1640(e) a one-year statute of limitations is imposed. The debtor is required to bring suit within one year from the occurrence of the creditor’s violation.
In the present consolidated matters creditors sued to collect certain delinquent consumer loans. In each situation the one-year statute of limitations under § 1640(e) had elapsed. In each case the defendant/debtor filed a plea of common law recoupment asserting disclosure violations of the act and claiming a set-off of up to twice the amount of the finance charges involved. The defendants apparently did not file counterclaims in view of the limitations period. In each case the plea of common law recoupment was determined adversely to the debtor as a matter of law by the County Court. Thereafter appeals to the Circuit Court were taken by the debtors and in each case the Circuit Court ruled in favor of the creditor on the issue of common law recoupment. The correctness of these Circuit Court appellate decisions is now before us on consolidated Petitions for Common Law Certiorari. The issue is whether the one-year statute of limitations bars a defensive plea of recoupment based on the Federal Truth In Lending Act. The issue has been thoroughly briefed and argued.
Many courts throughout the country have considered this question and numerous well-reasoned decisions have reached conflicting conclusions. The following cases conclude that a debtor may assert common law re-coupment based on the Federal Truth In Lending Act despite the running of the one-year statute of limitations. Wood Acceptance Co. v. King, 18 Ill.App.3d 149, 309 N.E.2d 403 (Ill.App. 1st); Continental Acceptance Corp. v. Rivera, 50 Ohio App.2d 338, 363 N.E.2d 772 (1976); Household Finance Corp. v. Hobbs, 387 A.2d 197 (Super.Ct.Del.1978); Public Loan Company, Inc. v. Hyde, 63 A.D.2d 103, 406 N.Y.S.2d 907 (3d Dept. 1978); Stephens v. Household Finance Corp., 566 P.2d 1163 (Okl.1977). The foregoing is not a complete compilation of authorities but is representative.
The following cases reach a contrary conclusion. This list is also representative only. Gillis v. Fisher Hardware, 289 So.2d 451 (Fla.1st DCA 1974); Shannon v. Carter, 282 Or. 449, 579 P.2d 1822 (1978); Ken-Lu Enterprises, Inc. v. Neal, 29 N.C.App. 78, 223 S.E.2d 830 (1976); Hodges v. Community Loan and Investment Corp. of North Georgia, 133 Ga.App. 336, 210 S.E.2d 826 (Ga.App.Div. 1); aff’d. as mod., 234 Ga. 427, 216 S.E.2d 274 (1975); Beneficial Finance Co. of Atlantic City v. Swaggerty, 159 N.J. Super. 507, 388 A.2d 647 (1978); Lincoln First Bank of Rochester v. Sielawa, 91 Misc.2d 778, 398 N.Y.S.2d 654 (1977).
We conclude that the orders entered by the respective Circuit Courts here in their appellate capacity are correct and that there has been no departure from the essential requirements of law. Whether the statutory right to recover twice the finance charges under the Federal Truth In Lending Act may be asserted beyond the one-year statutory limitation is, in our opinion, a legislative decision for Congress. The statute as written provides a oneryear limitation which we find clear and properly enforceable to bar the recoupment defense here asserted.
CERTIORARI DENIED.
. Counsel for petitioners advises that an amendment to 15 U.S.C. § 1640(e) has been proposed in Congress as follows:
Any action under this section may be brought in any United States District Court, *974 or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a consumer from asserting a violation of this title in an action to collect a debt which was brought within one year from the date of the occurrence of the violation as a matter of defense bv recoupment or setoff in such action, except as otherwise provided bv state law. (Proposed amendment underscored.)