**Amoco Oil v. Penn State Aluminum Co., Inc.**

*Thomas J. Williams,* for plaintiff.
*J. Jay Cooper,* for defendant.

SHUGHART, *P.J.,* September 17, 1981—Before us is plaintiff's motion for summary judgment. Plaintiff contends that defendant's counterclaim, which seeks an affirmative judgment on plaintiff's breach of contract, or, in the alternative, a "setoff" on any amount found to be due plaintiff, is barred by the statute of limitations. We find that defendant's counterclaim that asks for a "setoff" is not barred; therefore, summary judgment must be denied.

Plaintiff's amended complaint states: "Upon the oral request of defendant, plaintiff made sales to defendant and by November 30, 1979, there was due and owing by defendant to plaintiff the sum of $9,065.54." Defendant admits that plaintiff made deliveries of fuel oil on various occasions, but denies that an amount of $9,065.54 is due. Defendant avers in its new matter that it was plaintiff which breached the contract by delivering contaminated fuel oil, unmerchantable and unfit for the purposes intended. In a two-count counterclaim, defendant seeks an affirmative judgment in the amount of $20,715.32 for damages resulting from the alleged breach by plaintiff, and in the alternative, seeks a "setoff" should any amount found to be due plaintiff.

Plaintiff generally denies the allegations in defendant's new matter and counterclaim. Moreover, plaintiff raises the statute of limitations issue in its

new matter. Plaintiff avers that the damages alleged in defendant's counterclaim occured in January 1977, and since the counterclaim was not filed until about April 1, 1981, it is barred by the statute of limitations. In its reply, defendant admits that "part of the damage alleged occurred in January of 1977." Nowhere does defendant aver any other date. Thus, for the purposes of this motion, the averment that damages occurred in January 1977 is deemed admitted. Consequently, more than four years passed from the date of injury to the date defendant's counterclaim was filed on April 6, 1981.

Whether the applicable statute of limitations is two years, 42 Pa.C.S.A. §5524(3), as plaintiff contends, or four years, as provided for in the Uniform Commercial Code, 13 Pa.C.S.A. §2725, defendant's counterclaim seeking an affirmative judgment is time-barred. As noted in Gumienik v. Lund, 314 F. Supp. 749, 751, (W.D. Pa. 1970): "[T]he general rule in Pennsylvania [is] that a cause of action which would be barred as an original action, because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period. Woodland Oil Company v. A. M. Byers & Co., 223 Pa. 241, 72 A. 518 (1909)." Accord, United States v. Yellow Cab Company, 188 F. Supp. 660 (E.D. Pa. 1960). Nor does the filing of plaintiff's complaint toll the statute of limitations for defendant. If defendant was unable to file its counterclaim any sooner, then it should have brought its own separate action. See Reffner v. Tipton, 30 Somerset 277 (1975). Accordingly, Count I of defendant's counterclaim—that count seeking affirmative relief—must be dismissed.

Count II, which seeks a "setoff" on any amount that may be found to be due plaintiff, is not barred; counterclaims in the nature of a recoupment, such

as this one, are not subject to the statute of limitations. See Household Consumer Discount Company v. Vespaziani, 255 Pa. Superior Ct. 367, 387 A. 2d 93 (1978). It is unclear from the pleadings when the deliveries were made for which plaintiff now seeks payment. We will assume, then, for the purposes of this summary procedure, that the fuel oil delivered on or about January 1977 that allegedly caused damage to defendant's oil burner is part of the unpaid deliveries for which plaintiff now seeks recovery. At the very least, it appears that that delivery was part of the same contract, or same transaction, on which plaintiff's cause of action is based. Therefore, defendant's counterclaim seeking a reduction of any amount found to be due plaintiff is allowed, irrespective of any statute of limitations that would bar an affirmative action. Simply because defendant mislabeled its counterclaim a "setoff," which would be subject to the statute of limitations, does not entitle plaintiff to summary judgment.

A counterclaim is the proper manner in which to raise the recoupment claim, even though it is a defensive proceeding, rather than an offensive one. See Northwestern National Bank v. Com., 345 Pa. 192, 27 A. 2d 20 (1942); 2 Goodrich-Amram 2d §1031(a):1. Both liquidated and unliquidated damages may be recouped: 345 Pa. at 201, fn. 3, 27 A. 2d at 25. Plaintiff's motion for summary judgment must be denied.

## ORDER

And now, September 17, 1981, the motion of Amoco Oil Company for summary judgment is denied. The claim of defendant Penn State Aluminum Company, Inc. for affirmative relief is dismissed, but its counterclaim for recoupment is allowed.