■ FIRST TRUST NATIONAL ASSOCIATION, Respondent, v LEO Y. CHIANG et al., Appellants, et al., Defendants. [662 NYS2d 136] —In an action to foreclose a mortgage, the defendants Leo Y. Chiang and Betty Y.S. Chiang appeal from an amended order of the Supreme Court, Nassau County (Kutner, J.), entered November 12, 1996, which, *inter alia,* granted the plaintiff's motion to dismiss their affirmative defense and for summary judgment in its favor.

Ordered that the amended order is reversed, on the law, the order entered June 27, 1996, is vacated, and the plaintiff's motion is denied.

On October 25, 1988, the appellants executed a note and mortgage on real property in favor of Residential Mortgage Service, Inc. (hereinafter Residential). Thereafter, the note and mortgage were assigned to the plaintiff. The appellants defaulted on their payments on July 1, 1994, and failed to cure the default. In December 1994 the plaintiff commenced the instant action to foreclose the mortgage. In their amended answer, the appellants asserted as an affirmative defense that Residential had violated the Federal Truth in Lending Act (15 USC § 1601 *et seq.*) and the regulations promulgated thereunder. The plaintiff moved for summary judgment, contending that the affirmative defense was barred by the Statute of Limitations and that in any event, the violations were not material. The Supreme Court granted the plaintiff's motion for summary

judgment, finding that the affirmative defense was insufficient to raise a triable issue of fact. We reverse.

Contrary to the plaintiff's contention, the expiration of the statutory period for commencement of a Truth in Lending action will not bar the interposition of a defense thereunder by a consumer where the defense, as here, arises out of the same transaction as the one sued upon (see, Community Natl. Bank & Trust Co. v McClammy, 138 AD2d 339; CPLR 203 [c]). Further, summary judgment is inappropriate as there are issues of fact regarding whether Residential violated the disclosure requirements of the Federal Truth in Lending Act (see, April M's Enters. v Scott, 178 AD2d 572). Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.