■ DELTA FUNDING CORPORATION, Respondent, v DOROTHY MURDAUGH, Appellant, et al., Defendants. [774 NYS2d 797]—

In an action to foreclose a mortgage, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 28, 2002, as, inter alia, granted those branches of the plaintiff's motion which were for summary judgment dismissing so much of her counterclaims as sought to recover damages pursuant to the federal Truth-in-Lending Act and pursuant to General Business Law § 349.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss so much of the appellant's counterclaims as sought to recover damages pursuant to the federal Truth-in-Lending Act and pursuant to General Business Law § 349 are denied, and those counterclaims are reinstated.

In this residential mortgage foreclosure action, the appellant interposed various counterclaims, inter alia, to recover money damages based on the plaintiff's alleged breach of the federal Truth-in-Lending Act (15 USC § 1601 *et seq.*) (hereinafter TILA) and General Business Law § 349. The Supreme Court dismissed so much of the appellant's first counterclaim as sought to recover damages under TILA, based on the statute of limitations defense. The Supreme Court also dismissed the third, fourth, fifth, and sixth counterclaims alleging violations of General Business Law § 349. We reverse.

With respect to the TILA counterclaim for damages, the statute states, in relevant part, "This subsection [providing for the one-year statute of limitations] does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action" (15 USC § 1640 [e]). Pursuant to this provision, the appellant's counterclaims to recover damages under TILA are timely to the extent that such damages might

offset any damage award or deficiency judgment that might be made in favor of the plaintiff and against her (*see* CPLR 203 [d]; *Beach v Ocwen Fed. Bank,* 523 US 410 [1998]; *Public Loan Co. v Hyde,* 63 AD2d 193 [1978], *affd* 47 NY2d 182 [1979]; *First Trust Natl. Assn. v Chiang,* 242 AD2d 599 [1997]; *Community Natl. Bank & Trust Co. of N.Y. v McClammy,* 138 AD2d 339 [1988]).

The appellant also made out a prima facie case pursuant to General Business Law § 349 by alleging that the plaintiff was engaged in a consumer-oriented misleading practice and that the appellant was injured thereby (*see Stutman v Chemical Bank,* 95 NY2d 24 [2000]; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308 [1995]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20 [1995]; *Negrin v Norwest Mtge.,* 263 AD2d 39 [1999]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.