OPINION OF THE COURT
David Benjamin Cohen, J.
It is decided that plaintiff’s motion for an injunction pursuant to RPAPL 871 or in the alternative to convert this matter to an RPAPL 881 license case is denied and defendant’s motion to dismiss is granted. The facts are not in dispute. Defendant* owns/controls the building located at 30 Irving Place. Defendant was issued several New York City Department of Buildings violations for issues relating to 30 Irving Place’s exterior facade. Defendant obtained permits to perform the corrections and was also issued permits to erect scaffolding, known as a sidewalk shed, in front of its building and in front of part of plaintiff’s building. Plaintiff is the adjacent building to defendant. The photographic evidence and permit documents show *255 that defendant’s building is a 12-floor building greater than 100 feet and plaintiff’s building is five floors.
Administrative Code of City of NY §§ 3307.6.2 and 3307.6.3 govern the requirements of sidewalk sheds. The regulation requires that the area to be protected shall extend the full width of the sidewalk, walkway, or pathway that remains open to the public and in cases where the sidewalk shed is installed to protect against an unenclosed facade, work, or equipment that is greater than 100 feet (30,480 millimeters) above the ground, the shed shall protect the full length of the area specified in section 3307.6.2 plus an additional 20 feet (6,096 millimeters) on both sides beyond such length. The gap between the building and the shed is “not to exceed 1 inch (25 mm) along the face of the building or structure.” (Administrative Code § 3307.6.3.)
In compliance with the above statute, defendant erected a sidewalk shed in front of its building and for 20 feet in front of plaintiff’s building. Defendant did not seek permission of plaintiff, nor seek a license pursuant to RPAPL 881 to erect the sidewalk shed in front of plaintiff’s building. Plaintiff commenced this action by order to show cause and by filing a complaint that sought a preliminary injunction pursuant to RPAPL 871 seeking the immediate removal of an encroaching structure. In addition, the complaint alleged causes of action for trespass, conversion and nuisance. In the order to show cause, plaintiff also sought that this matter be converted to an RPAPL 881 motion requiring defendant to pay a license fee. Defendant opposed and cross-moved seeking dismissal of the case.
A preliminary injunction is a drastic remedy, which should not be granted unless the movant demonstrates “a clear right” to such relief. (City of New York v 330 Cont. LLC, 60 AD3d 226, 234 [1st Dept 2009].) The movant must establish: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction (Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]). Here, plaintiff is not entitled to a preliminary injunction. As discussed below, plaintiff does not meet the likelihood of success on the merits portion of the test. Similarly, the reason that defendant has placed the sidewalk shed is the requirement mandated by the Administrative Code of the City of New York, which is based upon concerns for public safety. Since removal of the shed would result in a violation of the *256 Administrative Code and would constitute a threat to public safety, plaintiff cannot win on a balance of the equities.
As a threshold matter, as memorialized in plaintiff’s supplemental papers, plaintiff withdrew the cause of action for conversion. Plaintiff’s two remaining causes of action are for trespass and nuisance. The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission (Marone v Kally, 109 AD3d 880 [2d Dept 2013]; Carlson v Zimmerman, 63 AD3d 772 [2d Dept 2009]). Here, it is undisputed that the reason for the alleged entry onto the land is that it is required by law and is for public safety. Both reasons provide a justification for the entry and do not give rise to trespass.
Further, the elements of a cause of action for private nuisance are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person’s property right to use and enjoy land, (5) caused by another’s conduct in acting or failure to act (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564 [1977]; Chelsea 18 Partners, LP v Sheck Yee Mak, 90 AD3d 38 [1st Dept 2011]). As discussed with respect to trespass, the fact that the sidewalk bridge is mandated by law and for public safety means that as a matter of law, the existence of the sidewalk bridge alone cannot be unreasonable and plaintiff cannot state a cause of action for private nuisance.
Generally speaking, an RPAPL 881 case is brought by a party seeking license and who has been unable to obtain one. However, under certain circumstances a court may “convert” a case brought by the offended party to require the offending party to pay a license (see Mindel v Phoenix Owners Corp., 210 AD2d 167 [1st Dept 1994]). RPAPL 881 provides:
“When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. *257 Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry.”
Based upon the circumstances in this matter, the court declines to “convert” this matter. Further, if the court were to convert this matter, the court would find that just terms require that no license fee be imposed. First, the court finds that defendant has acted in good faith and has erected the sidewalk shed not because it simply wished to perform repairs, but because it was required to do so. The regulation that requires the sidewalk bridge specifically requires that certain cutouts and provision for access be made. The regulation clearly made provision for the avoidance of interference and required the sidewalk shed to extend 20 feet towards and within one inch of an adjacent building, without requiring any form of compensation. Further, in seeking the conversion, plaintiff has not specified any damages that it will suffer. The fact that the shed is built on the portion of the public sidewalk that is within plaintiffs property line is without consequence as that portion is traveled on by the public, utilized by the public and plaintiff has not claimed that it has lost any use of that area. Thus, plaintiff has no loss of enjoyment to its property.
To the extent that plaintiff argues that its air rights are being violated, the court finds that justice would also require that no license fee be imposed. The photographic evidence of plaintiffs entire building and the portions of the building affected by the sidewalk shed show that no portion of the building has any object protruding and that the affected windows are unobstructed by the sidewalk bridge and still have air space for air conditioners. Thus, any claim of reduced light as a result of the presence of the sidewalk bridge is incidental to the legally required structure. To grant a license fee under these circumstances would be unjust.
To the extent that plaintiff urges this court to view the Ponito matters as persuasive authority that a license should be granted (see Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604 [Sup Ct, NY County 2012]; Ponito Residence LLC v 12th St. Apt. Corp., 2014 NY Slip Op 33892[U] [Sup Ct, NY County 2014]), the court declines to extend Ponito to these facts. In the Ponito cases, the court exercised its discretion to convert the matter to an RPAPL 881 matter, after defendant *258 had engaged in considerable delay in performing the work on its building and had still not proceeded with its construction work after 18 months in one action and due to the prior history of damage caused to plaintiff’s garden in the other action. Here, the sidewalk shed had been put up just two months prior to the application and there is no indication of a history of damage.
Accordingly, it is hereby ordered that plaintiff’s motion for a preliminary injunction is denied, and it is further ordered that plaintiff’s motion to convert this matter to an application under RPAPL 881 is denied; and it is further ordered that defendant’s motion to dismiss is granted, and this action is dismissed.

 By stipulation, plaintiff discontinued against the Samco defendants.